# Long, Adm'r, *v.* Parmer.

*Statutory Action in the Nature of Ejectment.*

1. *Purchase by administrator at void sale; title by prescription under.*
When an administrator purchases lands at his own sale, and the sale is reported and confirmed, but no conveyance is executed to him, and he afterwards sells and conveys to a purchaser, to whom he delivers possession, and who (with those holding under him) continues in possession, open, notorious and exclusive, for nearly thirty years, although the order of sale was void for want of jurisdiction, and the administrator was estopped from disputing its validity, yet, after the lapse of twenty years undisputed possession by such sub-purchaser (and those holding under him), the title by prescription must prevail against that of the estate.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JOHN M. CHILTON.

This was the statutory action in the nature of ejectment

brought by the appellant, G. T. Long, as administrator *de bonis non cum testamento annexo*, of the estate of Charles D. Bush, deceased, against the appellee, Alfred Parmer, for the recovery of certain lands, of which said Charles D. Bush died seized and possessed. Charles D. Bush died in 1853, leaving a will, which was duly probated, June 13, 1853. The will, after directing the sale of certain personal property for the payment of the testator's debts, provided, that "the balance of the property, both *real* and personal," should remain in the possession of the testator's wife, Salina B. Bush, and her heirs, during her life or *widowhood*, for the purpose of raising and educating their children, and in the event of her marriage, that the property, both *real* and personal, should then be sold for division between the said Selina B. Bush and her children. Seaborn J. DuBose and the widow, Selina B. Bush, were named as executor and executrix in the will, and were duly appointed and qualified as such, and took charge of the estate. The widow did not marry again until January, 1862 ; yet on November 13, 1854, she and said Seaborn J. DuBose applied to the Probate Court for an order of sale of the land sued for, on the ground, that it was for the interest of the estate that said land be sold and the proceeds re-invested in personal property. The order was granted, and pursuant thereto the land was sold December 23, 1854, and at the sale said Seaborn J. DuBose became the purchaser. The sale was reported January 22, 1856, and on the same day confirmed and a conveyance ordered to be made to said DuBose. No conveyance was in fact made to DuBose, but, on January 24, 1856, DuBose and his wife executed a conveyance of said land and delivered possession thereof to one Arthur Crews, under whom, by a regular chain of title, the defendant claims. The possession of Crews and those holding under him, was proven to have been *open, notorious* and *exclusive*.

Selina B. Bush married one E. E. Glover in January, 1862, and Seaborn J. DuBose and said Selina B. Glover resigned and were discharged as executor and executrix, April 26, 1872. No one was appointed administrator until January 26, 1882, when one Sandy Martin, as sheriff of the county, was appointed. His term of office having expired, the plaintiff, as his successor in the office of sheriff, was appointed administrator January 18, 1885. There were no debts against the estate when the plaintiff was appointed nor at the time this suit was instituted.

The defendant filed pleas of the statute of limitations of twenty years, and also of ten years, and a suggestion of three years adverse possession.

[Long, Adm'r, v. Parmer.]

The plaintiff requested the court in writing to charge the jury, that if they believed the evidence, they must find for the plaintiff. The court refused this charge and plaintiff excepted. The court then, on the request in writing of the defendant, charged the jury, that if they believed the evidence, they must find for the defendant. The plaintiff excepted to the giving of this charge. The refusal of the first charge and giving the last, are assigned as error.

J. N. WILLIAMS, for appellant.—The land was sold eight years before the re-marriage of the widow. There was no authority for the sale other than that contained in the will. The statute of limitations does not begin to run until there is some one entitled to sue.—*Hopper, Adm'r, v. Steele*, 18 Ala. 831; *Lawson v. Lay's Ex'r*, 24 *ib.* 184; *Wyatt v. Rambo*, 29 *ib.* 510. An executor or administrator, who sells property of an estate under his charge, can not sue to recover it; though the sale be void, he can not dispute its validity. *Morris v. Morris*, 58 Ala. 443; *Baker v. Barclift*, 76 *ib.* 414; *Hopper v. Steele, supra ; Lawson v. Lay, supra.* The last three cases discussed at length. From the sale in 1854, to the appointment of Martin, as administrator, in 1882, there was no one who could bring action to recover the land. The will did not give the children such property or title as would have supported ejectment. Upon the marriage of their mother in 1862, the property became personalty under the will.—*Watson v. Martin*, 75 Ala. 506; *Massey v. Modawell*, 73 *ib.* 421; *Hemphill v. Moody*, 64 *ib.* 468. DuBose received no conveyance of title and had none to transmit to Crews. He purchased at a void sale and his vendee, Crews, stood charged with notice. He (DuBose) did not hold adversely to the estate and could convey to Crews no higher right than he himself held.—*Wallace v. Nichols*, 56 Ala. 321; *Ketchum v. Creagh*, 53 *ib.* 227; *Tutwiler v. Montgomery*, 73 *ib.* 263. If Crews was charged with notice, so also were his vendees.—*Thames & Co. v. Rembert's Adm'r*, 63 Ala. 566; *Sanders v. Robertson*, 57 *ib.* 465. DuBose did not acquire a perfect equity, because the sale was void, and there was no proof that he paid the purchase-money.

A. H. MERRILL, and H. D. CLAYTON, JR., *contra.*—The proceedings in the probate court being *coram non judice* and void, do not work an estoppel.—*Bishop v. Blair*, 36 Ala. 80. The deed from DuBose to Crews was his individual deed. The deed of an individual does not estop him in his representative capacity, for "whenever a person sues, not in his own right, but in the right of another, he must, for the pur-

[Long, Adm'r, v. Parmer.]

pose of estoppel, be deemed a stranger."—Bigelow on Estoppel, 327; *Mountford v. Gibson*, 4 East, 441; *Hornby v. Glenn*, 1 Adolph. & E. 49; *Goldsmith v. Coleman*, 57 Ga. 425; *Wright v. DeGraff*, 14 Mich. 164; *Smith v. Penny*, 44 Cal. 162. If DuBose's deed estopped him, the executrix was never estopped; she made no deed. DuBose's deed was sufficient to put Crews in adverse possession.—*Riggs v. Fuller*, 54 Ala. 141. The statute of limitations commenced to run in 1856, and having begun, did not stop.—2 Brickell's Dig. 220, § 37, and 222, § 65; 11 Ala. 1028; 13 *ib.* 641; Code, § 3236. There being no debts against the estate, the administrator can not maintain this suit.—*Lee v. Downing*, 68 Ala. 98.

SOMERVILLE, J.—The lands in controversy are shown to have been held by the defendant, and those under whom he claims, under a claim of ownership and title evidenced by ordinary deeds of conveyance, since January, 1856. This was presumptively an adverse ownership hostile to the world. The possession under these deeds is shown to have been open, notorious, and exclusive, from that time up to October the tenth, 1885, the day of bringing this suit, or for a period of time within a few months of reaching thirty years.

Admitting that the order of sale would have been void for want of jurisdiction in the probate court which granted it, if it had been assailed within twenty years from the date of making it, which was in November, 1854, and admitting further, that DuBose, as Bush's executor, had disabled himself from suing by making the alleged void sale on the principle of estoppel, so that the possession of the defendant would not be protected by the *statute of limitations*, which is ten years in actions of ejectment like the present, nevertheless it does not follow that the plaintiff would be entitled to recover in this suit. The lapse of *twenty years* from the time of the sale and conveyance by DuBose to Crews, which was on January 24th, 1856, without suit against him by any one, and without any recognition, or admission within that period by him or his sub-vendee, of a title or interest in any one else, operated as a positive bar to any action against the defendant, upon the doctrine of prescription. And, the *right* of action itself existing, the want of a proper party to sue, by reason of the executor's disability, did not suspend the running of this bar, or overturn the presumption which follows from it—that the sale by the executor was regular, and the title of the defendant perfected by regular conveyance to the original vendee from

whom he purchased.    After the lapse of twenty years, the courts will decline to investigate or inquire into the validity of such titles, but will make all reasonable presumptions necessary to uphold them.    The only fact open to inquiry, in such cases, is the character of defendant's possession, either in its original acquisition, or in its continued use, as being, on the one hand, permissive and in subordination, or, on the other, hostile and adverse.—*McArthur v. Carrie,* 32 Ala. 88 ; *Harrison v. Heflin,* 54 Ala. 552, 563 ; *Garrett v. Garrett,* 69 Ala. 429 ; *Matthews v. McDade,* 72 Ala. 377 ; *Doe v. Ladd,* 77 Ala. 223 ; *Solomon v. Solomon,* present term.

The charge of the court instructing the jury to find for defendant, if they believed the evidence, was free from error, and the judgment is affirmed.


### *Statutory Action in the Nature of Ejectment.*

