[Woodstock Iron Co. v. Fullenwider.]

# Woodstock Iron Co. *v.* Fullenwider.

### *Statutory Action in nature of Ejectment.*

1. *Adverse possession as between widow and heirs; estoppel against heirs; presumptions from lapse of time.*—The widow's possession of lands allotted to her as dower is not adverse to the heirs, and if she purchases the reversionary interest, at a sale made by the administrator, they can not assail her title, at law, during her life, even though the sale was void; and if the purchase-money was paid, and was applied by the administrator to the payment of debts, they would be estopped from denying the validity of the sale, without offering to do equity by refunding the purchase-money; and, having the equitable right to set aside the sale as a cloud on their title, on offering to do equity, if they allow the widow and those claiming under her to remain in undisturbed possession for more than twenty years, though less than ten years after her death has elapsed, the presumption will be indulged against them, that she acquired the legal title by voluntary conveyance from them, or by compulsory proceedings in equity.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Fannie Fullenwider and others, as heirs at law of Samuel Hudson, deceased, against the Woodstock Iron Company and the Anniston City Land Company, to recover the possession of a tract of land, which belonged to said Samuel Hudson at the time of his death; and was commenced on the 28th June, 1887. By consent of parties entered of record, a trial by jury was waived, and the case was submitted to the decision of the court, with a request for a special finding of the facts. On the facts found by the court, which are set out in the bill of exceptions, the court rendered judgment for the plaintiffs; and this judgment, to which the defendants excepted, is now assigned as error.

KNOX & BOWIE, CALDWELL & JOHNSTON, CASSADY & BLACKWELL, and BROTHERS, WILLETT & WILLETT, for appellants.

KELLY & SMITH, *contra.* (No briefs on file.)

SOMERVILLE, J.—The suit is one of ejectment under the statute, brought by the appellees as the heirs at law of

Samuel Hudson, deceased, and was commenced on June 28th, 1887.

It is shown that the widow of Hudson owned a life-estate in the lands, based on her allotted right of dower; and that she purchased the reversionary estate at a sale of the lands made by the administrator of Hudson for the payment of the decedent's debts on March 20th, 1886—or more than twenty years before the commencement of this action. She received a deed from the administrator, paid the purchase-money to him, and he used the money in the payment of the debts of the estate. The defendants claim title through the widow, who did not die until June 25th, 1879—or less than ten years before suit brought. The possession of the defendants, and those under whom they claim, has been continuous, exclusive, open and under claim of ownership, since the date of the administrator's sale, or for more than twenty years.

The whole case of the plaintiffs is based upon the contention, that the proceedings in the Probate Court for the sale of the reversionary interest in the lands, owned by the decedent's estate, were void, and conveyed no title to the purchaser. The reasons assigned for this conclusion are because minors were interested in the estate, and no depositions are shown to have been taken as in chancery cases, proving the necessity of the sale; and because there was no order of the Probate Court authorizing the administrator to make a deed to the purchaser, besides some other grounds, which need not be named.—*Bland v. Bowie*, 53 Ala. 158; *Satcher v. Satcher*, 41 Ala. 26; *Doe v. Hardy*, 52 Ala. 291.

It is contended further by the plaintiffs (or appellees) that, under the authority of *Pickett v. Pope*, 74 Ala. 122, and other decisions of this court, neither the possession of the life-tenant, nor of the defendants as purchasers holding under her, could be *adverse* to the heirs as reversioners, until the death of the life-tenant, which occurred about eight years before the commencement of the action. For this reason, it is said, there was no right residing in the plaintiffs to sue at law; and hence there was no *laches*, or neglect on their part, which could be the foundation of any presumptions hostile to their title.

The defendants, who are appellants in this court, contend, on the contrary, that all irregularities of sale and defects of title, under the admitted facts of the case, are cured by the presumptions arising from the lapse of twenty years, under

the broad doctrine of prescription, now so thoroughly established in this State.

The plaintiffs certainly had no right to sue in ejectment for these lands before the death of the widow, who was tenant for life; her possession, so far at least as concerns the legal title in the reversion, not being adverse or hostile to the heirs, during the continuance of such particular estate. *Pickett v. Pope*, 74 Ala. 122; *McCorry v. King's Heirs*, 39 Amer. Dec. 165; Tiedeman on Real Prop. § 715. The question is, whether any presumption will arise from the lapse of twenty years, sufficient to perfect the title of defendants, in view of the incapacity of plaintiffs to sue at law. In considering this question, we shall regard the contention of the appellees as well taken, so far as to assume that the sale of the administrator conferred no *legal* title to the reversion on the widow as purchaser under the probate proceedings in March, 1866.

Regarding the proceedings in the Probate Court as void at law for the reasons stated, what, we may inquire, were the equitable rights, if any, acquired under it by the purchaser? This question has been fully settled by our past decisions. Where land of a decedent is sold by the Probate Court for the payment of debts, or for distribution, and the proceeding is void for want of jurisdiction, or otherwise, and the purchase-money, being paid to the administrator, is applied by him to the payment of the debts of the decedent's estate, or is distributed to the heirs; while the sale is so far void as to convey no title at law, the purchaser nevertheless acquires an equitable title to the lands, which will be recognized in a court of equity. And he may resort to a court of equity, to compel the heirs or devisee to elect a ratification or rescission of the contract of purchase. It is deemed unconscionable that the heirs or devisees should reap the fruits of the purchaser's payment of money, appropriated to the discharge of debts, which were a charge on the lands, and at the same time recover the lands. They are estopped to deny the validity of the sale, and at the same time enjoy the benefits derived from the appropriation of the purchase-money. And this principle applies to minors, as well as adults.—*Bland v. Bowie*, 53 Ala. 152; *Bell v. Craig*, 52 Ala. 215; *Robertson v. Bradford*, 73 Ala. 116. See, also, *Ganey v. Sikes*, 76 Ala. 421.

All of our decisions, it is true, recognizing the doctrine of presumption by prescription based on the lapse of twenty

years of time, are founded upon the principle of some *laches* on the part of one who, having the right and capacity to sue either at law or in equity, neglects or omits to do so for such period of twenty years. For the repose of society, it is presumed that the right, if it existed, has in some manner been lost by reason of such act of acquiescence, based on some omission or neglect.—*Long v. Parmer*, 81 Ala. 384, and cases cited on p. 388; *Bozeman v. Bozeman*, 82 Ala. 389; *McCorry v. King's Heirs*, 39 Amer. Dec. 165. In the following cases, cited on the brief of appellants' counsel, where life-tenants had purchased the reversion, under sales which conferred no legal title to such reversionary interest, important presumptions were allowed to prevail under the operation of twenty years lapse of time, accompanied by possession and claim of ownership, involving the payment of the purchase-money, the execution of conveyances, and the presumed regularity in the execution of powers: *Matthews v. McDade*, 72 Ala. 377; *Gosson v. Ladd*, 77 Ala. 223; *Kelly v. Hancock*, 75 Ala. 229.

The plaintiffs in the present case, as reversioners, had no right, as we have said, to sue at law. But they had a right to go into a court of equity, to remove the cloud from their title created by the probate court proceedings. This cloud consisted of the administrator's deed, and other record evidence of a sale, under the operation of which the purchaser had acquired an equitable title. Under an adverse possession, such a title would become perfect in ten years after the death of the life-tenant, and extrinsic evidence would be necessary to show whether the holder of such particular estate was living or dead. The deed and other proceedings, therefore, were of a character to be used to injuriously affect the complainants' title, and operated, moreover, to impair the market value of the reversion, and to prevent its sale by the owners in the event they desired to dispose of it. And while one having the legal title to land, with the right of possession, would be compelled first to recover possession by ejectment, before invoking this jurisdiction of equity to quiet it; yet the rule is different where the complainants' title is equitable, or where, like a reversioner or remainder-man, he is not entitled to possession by reason of the existence of a life, or particular estate. In the latter class of cases, the complainant may at once resort to equity, to have the objectionable proceedings vacated as a cloud on his title, especially when it is necessary to do some

[Woodstock Iron Co. v. Fullenwider.]

act of equity as a condition precedent to its exercise. That act, in this case, would be to tender to the purchaser the amount bid at the sale,—whether with or without interest, we need not decide. That a reversioner or remainderman may file such a bill, on the same principle upon which he is permitted to redeem from a mortgage sale, we consider to be clear, both on principle and authority, his remedy at law being entirely inadequate. As observed in a recent case, holding this view: "A remainder [or reversion] is a present right, though the enjoyment is future, and the owner may desire to dispose of it, or in some way to make it available to his needs; and he is entitled to have it relieved from a cloud impairing its value, and perhaps rendering it wholly unavailable."—*Aiken v. Suttle*, 4 Lea (Tenn.), 105; and cases cited on p. 110; 3 Pom. Eq. Jur. §§ 1220, 1398–1399, *note* 4; 1 High on Injunc. (2d Ed.), § 330; 3 Wait's Act. & Def. 190–191.

Here, then, was the capacity to sue in a court of equity, so as to sweep away a cloud on the title of the plaintiffs, and, by an offer to do equity, to have the equitable title of the defendants, acquired at the void sale, divested out of them by decree of a court of chancery. A failure to exercise this right for over twenty years is such *laches* as authorizes the inference that the right to do so is barred in any one of the modes in which that result may be effected. If the only existing right of action on the plaintiffs' part were at law— if his only *laches*, or slumbering on his rights, consisted in his failure to sue at law—then, as we have often said, "the only fact open to inquiry, in such cases, would be the character of defendants' possession, either in its original acquisition, or in its continued use, as being, on the one hand, permissive and in subordination, or, on the other, hostile and adverse."—*Long v. Parmer*, 81 Ala. 384; and cases cited on p. 388. But the *laches* here imputed to the plaintiffs is the fact of having allowed the probate court proceedings to remain unassailed for over twenty years—proceedings under which, though void at law, a good equitable title to the reversion had been acquired, accompanied with possession and claim of ownership, on the part of the purchaser and her sub-vendees, during the whole of this long period.

The fair legal presumption arising from this state of facts, in our opinion, is, that the purchaser, or those claiming title under her, have filed a bill in equity compelling the heirs of Hudson to convey to them the legal title; or else that a

[Cox v. Holcomb.]

voluntary conveyance of such title has been made by such heirs, thereby converting the equitable into a legal title. *Bland v. Bowie*, 53 Ala. 152; *Bell v. Craig*, 52 Ala. 215.

The special finding of the Circuit Court on the facts was made under the provisions of the statute.—Code, 1886, §§ 2744–45. This statute makes it our duty to examine and determine whether the facts are sufficient to support the judgment, which was for the plaintiffs. It follows from the views above expressed that they are not. The court erred in rendering judgment on the facts for the plaintiffs. That judgment will be reversed, and a judgment will be rendered in this court for the defendants.

Reversed and rendered.