# Kennedy *v.* Rainey, *et al.*

## *Ejectment.*

(DECIDED NOV. 22, 1905, 39 So. REP. 813.)

1. *Partition; Effect upon Title.*—Partition operates upon the possession, and not upon the title, serving merely to sever the unity of possession existing before partition.

2. *Adverse Possession; Character; Necessity of Hostile Possession* —It appearing that prior to the setting off of the land to the defendant by partition, the plaintiff had title to the same, the fact that thirty-five years had elapsed between the partition and the bringing of the action of ejectment, during which time defendant had remained in possession, raised no presumption of title in the defendant, it appearing further that the original acquisition as well as the continued possession of the defendant had been in subordination to plaintiff's title in fee.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

This was an action by Mary J. Kennedy to recover of Mattie C. Rainey a certain tract of land described in the complaint. The facts upon which the opinion is rested sufficiently appear therein. It appears that this land was partitioned on the petition of Lucy S. Hatcher and Julia Hatcher by commissioners and that partition was

duly made under an agreement to divide the lands equal-
ly between Lucy S. Hatcher and Julia Hatcher now
Mary Julia Kennedy. Lucy Hatcher appears from the
transcript to have been the wife of the owner of the land,
and Julia Hatcher an heir of the owner of said land.
Lucy Hatcher conveyed her interest in said land to
Sarah A. Rainey by deed of date May 20th, 1887. The
will of John Hatcher, the owner of the land directed that
after the payment of his debts, that the remainder of
the estate be equally divided into two parts, one to Lucy
S. Hatcher for and during the term of her natural life
and after death, the same to be equally divided among
the children of the son James W. Hatcher share and
share alike. The other half or equal part of my estate
after being divided as aforesaid, I bequeath unto my
beloved son, James W. Hatcher, unconditionally. James
W. Hatcher married plaintiff, and they had two chil-
dren both of whom died in early childhood and James
W. Hatcher died in 1861. Mrs. Lucy Hatcher died in the
year 1894.

PETTUS, JEFFRIES and PARTRIDGE, for appellants.—The
widow of John Hatcher had a life-estate in one-half of
his land with the remainder to the children of James
W. Hatcher living at the death of said widow. This is a
vested remainder and was in the infant child of Hatcher
who died subsequently to him and passed to the plain-
tiff here on the death of the child subsequent to that of
his father.—*Donovan v. Pitcher*, 53 Ala. 411; *Gindrat
v. Western Ry. Co.*, 96 Ala. 162; *Smaw v. Young*, 109
Ala. 528. This gives plaintiff at the time of partition a
possessory right to two-thirds of the land in fee simple
and a title to one-third interest in the land after a termi-
nation of the life estate, but as to this one-third inter-
est, plaintiff had no possessory interest until the death
of the life tenant. The widow from whom defendant
deraigned title, having dissented from the will of her
husband, was holding solely under her right of quaran-
tine under section 1359 of the Code of 1852 and could not
refer her holding to any other right.—*Foy v. Welborn*,
112 Ala. 160; *Sherwood v. Baker*, 24 Am. St. Rep. 399;

*Hannon v. Hounihan,* 12 S. E. 157; *Robertson v. Allison,* 79 Ala. 596; *Null v. Howell,* 20 S. W. 24; *Johnson v. Oldham,* 126 Ala. 311; *Inge v. Murphy,* 14 Ala. 289; *Shelton v. Carroll,* 16 Ala. 148; *McLeod v. Bishop,* 110 Ala. 640. This holding cannot become hostile to the remainderman and widow while in possession under quarantine cannot purchase an outstanding title without taking such title as trustee for the remainderman.— *John v. John,* 93 Ala. 243; *Clayton v. Clayton,* 12 S. W. 312; *Thomas v. Black,* 20 S. W. 657; *Scott v. Proctor,* 13 S. W. 790; *Richards v. Richards,* 42 N. W. 954.

If she had not dissented from the will, her possession would have been referrable to the life estate under the will and could not have been hostile to the remainderman. —*Pickett v. Pope,* 74 Ala. 122; *Pendley v. Madison,* 82 Ala. 484; *Gindrat v. Western Ry. Co.,* supra. The remainderman had no possessory interest in the life estate and such interest could not be involved in a partition proceeding.—*Keeley v. Deegan,* 111 Ala. 157; *Wood v. Sugg,* 91 N. C. 92; 49 Am. Rep. 639. He who owns two different interests in the same lands, one a possessory interest making him a tenant in common with the life tenant of a one-third undivided interest, and the other the remainder in fee after determination of that life estate, who joins in a partition proceeding with the owner of the life estate, such division will be referred to the present possessory interest and not to the remainder, for the reason that partition must be of property as to which there is a present right of possession. It does not create title nor settle it. It only operates to sever the respective estates the tenants in common have and to attach those estates to the several allotments of the land instead of to the whole.—*Christy v. Spring Valley Water Works,* 8 Pac. 849; *Morenhout v. Higuera,* 32 Cal. 289; *Wade v. Beray,* 50 Cal. 376; *Cave v. Holford,* 3 Ves. Jr. 658; Freeman on Partition, Section 396, p. 507; *Pacific Bank v. Hanna,* 90 Fed. 79; *Love v. Blauvn,* 48 L. R. A. 259; *Fleenor v. Driskile,* 97 Ind. 27; *Atkinson v. Brady,* 21 S. W. 480; *Webb v. Nease,* 49 S. W. 1081; 21 Am. & Eng. Ency. of Law, (2d Ed.); *Tabler v. Wiseman,* 2 Ohio St.

210; *Goundy v. Northampton*, 7 Barr 238; *McClure v. McClure*, 2 Harris 137; *Carter v. Day*, 59 Ohio State, 96; *Freeman v. Allen*, 17 Ohio St. 529; *Pillsbury v. Dugan*, 9 Ohio 111; *McBain v. McBain*, 15 Ohio St. 337; *Bank v. Wallace*, 4 Ohio St. 168. This is a settle ddoctrine in Massachusetts and Pennsylvania. The law is settled that even in an adversary or judicial partition the title remains unchanged, and that it effectuates only the severance of the unity of possession.—*Farmer v. Alexander*, 62 S. W. 691; 17 Am. & Eng. Ency. of Law, p. 665 and note; Freeman on Partition, Section 411, p. 536. The partition in this case was a voluntary one and *ex parte*. The proceedings before the probate court for partition is *coram non judice* and void, when the petition does not contain the jurisdictional facts.—*McCockle v. Rhea*, 67 Ala. 603; *Johnson v. Ray*, 75 Ala. 213.

The entire proceedings in probate court was a nullity.—*Terrell v. Cunningham*, 70 Ala. 100; *Ward v. Corbett*, 72 Ala. 438; *Wolf v. Loeb*, 98 Ala. 426. The decree of the probate court, even when the court has jurisdiction does not settle the equities existing between the parties but only declares the same ownership in severalty as before existed in unity.—*Austin v. Bean*, 101 Ala. 133. The deed from Mrs. Hatcher to Mrs. Rainey had no effect upon the plaintiff's title unless actual knowledge of the same was brought to her before the evidence in this case discloses that she knew anything about it. The burden is on the defendant to show affirmative acts of hostility.—*Johnson v. Oldham*, 126 Ala. 311; *Foy v. Wellborn*, 112 Ala. 164. The record of a deed is not notice to those who already have title.—20 Am. & Eng. Ency. of Law, 390 and note; *Gimon v. Davis*, 36 Ala. 592. The spreading of a deed on record made by one tenant in common to a third party is never notice to the cotenant.—*Holley v. Hawley*, 94 Am. Dec. 355. The plaintiff is not estopped by the partition proceedings.

J. R. SATTERFIELD and MALLORY & MALLORY, for appellee.—After the lapse of thirty-five years from the filing of the petition for partition to the bringing of this suit, a conveyance from plaintiff to defendant's grantor will

be presumed.—Greenleaf's Evidence, Section 46; *Normant v. Eureka Co.*, 98 Ala. 187 and cases cited; *Long v. Parmer*, 81 Ala. 384; *Clemmons v. Cox*, 116 Ala. 572. It must be that defendant's grantor had more than a dower interest, for the widow is neither a joint tenant, a tenant in common or a coparcener with the heir and hence cannot maintain action for partition.—21 A. & E. Ency. of Law, (2d Ed) 1155. After a lapse of thirty-five years the regularity and rightfulness of partition proceedings will be presumed.—*Baker v. Pruett*, 64 Ala. 551. Under the facts in this case the widow did not hold as dowress, but her title was a fee simple title on its face. —*Hall v. Papperton*, 87 Ala. 290.

DOWDELL, J.—This is a statutory action in the nature of ejectment, brought by the appellant against the appellees, to recover the possession of certain lands described in the complaint. The facts in the case are practically without dispute, and it is not denied that at one time the plaintiff held and owned the fee to the land in question. The important question in the case, and, we might say, the only question, is whether the plaintiff, Mary Julia Kennedy, prior to the partition proceedings which were had in 1866, conveyed her title to the land in question to Mrs. Lucy Hatcher, under and through whom the defendant Mattie C. Rainey claimed the title.

It is conceded by counsel for appellees that the partition proceedings had in the probate court of Dallas county, which were nothing more in effect than a voluntary partition between the parties, did not and could not serve to create or divest title. The rule of law is too well established to require any citation or authority that partition operates upon the possession, and not upon the title, and serves to sever the unity of possession before existing. The theory of the defense as to the claim of title to the land in question in the defendant Mattie C. Rainey is based wholly and exclusively upon what is insisted by counsel for appellees to be a presumption of the law, indulged after a great lapse of time. In this case it is argued that, as 35 years have elapsed from the time of the partition to the commencement of this suit, the

presumption should obtain that Mrs. Lucy Hatcher, at some time between the dates of the death of her husband, John Hatcher, in 1860, and the commencement of the partition proceedings in 1866, by some transaction with the plaintiff, Mary Julia Kennedy, acquired title from the latter in the lands that were partitioned. This argument is based mainly upon the following authorities.— *Normant v. Eureka Co.*, 98 Ala. 187, 12 South. 454, 39 Am. St. Rep. 45; *Long v. Palmer*, 81 Ala. 384, 1 South. 900; *Wilson v. Holt*, 83 Ala. 540, 3 South. 321, 3 Am. St. Rep. 768; *McArthur v. Carrie's Adm'r.*, 32 Ala. 75, 70 Am. Dec. 529. In none of the cases, however, are the facts the same as in the case at bar.

We think the undisputed evidence in the case shows that Mrs. Lucy Hatcher was in possession of the entire tract of land which was partitioned from the time of the death of her husband, John Hatcher, until the time of the partition, under her quarantine right and with the right of having dower allotted to her out of the lands. The doctrine asserted in the cases above cited, which are relied upon by the defendants, to the effect that the courts will decline to investigate or inquire into the validity of such titles as those set up in the above-mentioned cases, but will make all reasonable presumptions necessary to uphold them, does not cut off, but leaves open to inquiry "the character of the defendant's possession, either in its original acquisition or in its continued use, as being on the one hand permissive and in subordination, or on the other hostile and adverse." In the present case the undisputed evidence shows that the original acquisition or possession by Mrs. Lucy Hatcher was in subordination to plaintiff's fee, and its continued use by Mrs. Lucy Hatcher was wholly consistent with the character of the original acquisition or possession. On the evidence in the record there is no more ground or reason for presuming the passage of title in the land from Mary Julia Kennedy to Mrs. Lucy Hatcher prior to the inauguration of the partition proceedings than there is for presuming that the partition proceedings were had in pursuance to a previous arrangement between the parties relative to Mrs. Hatcher's dower rights. While it is true

as a matter of law that Mrs. Hatcher's dower interest in the land was only one-third, yet it was entirely competent for the owner of the fee to enlarge this interest out of sheer generosity or for a consideration.

The evidence fails to show that any hostile claim to the rights of Mary Julia Kennedy by Mrs. Hatcher up to the date of the latter's death was ever brought to the knowledge of Mary Julia, and the continued use of the land by Mrs. Hatcher was consistent with its original acquisition and in subordination to the fee of Mary Julia Kennedy. It follows from what we have said, and it is our conclusion, that the court erred in its rulings and in the judgment rendered, and the same must be reversed and the cause remanded.

Reversed and remanded.

· HARALSON, ANDERSON, and DENSON, JJ., concur.