## MEMORANDUM DECISIONS.

CARONDELET CANAL & NAVIGATION CO. v. DEMOURELLE. (Circuit Court of Appeals, Fifth Circuit. April 12, 1910.) No. 1,952. Appeal from the District Court of the United States for the Eastern District of Louisiana. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In affirming the judgment of this case, we filed no written opinion, because the points involved were well known to the parties, and we were not called on to make a declaration of law for other than this particular case, which case shows that there was neither request nor opportunity to pay tolls in the canal until the incoming vessel should reach the Old Basin, and rule No. 33, relied upon by the appellants, was in effect an invitation to incoming sailing vessels to come up to the harbor under sail, and there was negligently moored in the canal a crib of logs, which to some extent obstructed navigation, and near by there was a stump, very near to the channel, four feet under water, upon which the Lolita struck and received her damages. The damages allowed in the District Court, though assigned as error, did not appear to be contested on the hearing, and they were substantially proved in the record. The petition for rehearing is denied.

FOSTER v. BOULO. (Circuit Court of Appeals, Fifth Circuit. March 29, 1910.) No. 2,009. In error to the Circuit Court of the United States for the Southern District of Alabama. Peter J. Hamilton, for plaintiff in error. H. Pillans, for defendant in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. With all the evidence offered by the plaintiff below admitted, we are of opinion that it is insufficient to establish title to the lot in controversy. Besides, see Boulo v. N. O., M. & T. R. R., 55 Ala. 480–493. But, however this may be, the plaintiff's claim is barred by the statute of limitations of the state of Alabama, as construed by the Supreme Court of that state. See Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 South. 197, 13 Am. St. Rep. 73; Lowery v. Davis (Ala.) 8 South. 79. The judgment of the Circuit Court is affirmed.

HUFF et al. v. BIDWELL et al. (Circuit Court of Appeals, Fifth Circuit. April 12, 1910.) No. 2,048. Appeal from the Circuit Court of the United States for the Southern District of Georgia. For opinion below, see 176 Fed. 174. Du Pont Guerry, J. H. Hall, and T. S. Felder, for appellants. John I. Hall, W. G. Smith, T. E. Ryals, W. J. Grace, James L. Anderson, George S. Jones, N. E. Harris, Chas. H. Hall, Jr., R. L. Anderson, Walter A. Harris, and J. E. Harris, for appellees. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The original decree, as affirmed in this court, required all the property of the defendant Huff to be sold to pay off, adjust, and satisfy the many liens thereon, and in the conduct and management of the sale complained of the trial judge had and exercised a sound discretion. As the case is presented by the record, we conclude that the sale in question was properly confirmed. The decree appealed from is affirmed, and, considering the large amount of funds tied up by the appeal, mandate will issue at once.