39 So.2d 377

**CHARLES B. TEASLEY, Inc., v. DREYFUS.**

**3 Div. 502.**

Supreme Court of Alabama.

March 17, 1949.

[redacted]

42

Richard T. Rives and John C. Godbold, both of Montgomery, for appellant.

Hill, Hill, Stovall & Carter, of Montgomery, for appellee.

BROWN, Justice.

The appeal is from the final decree of the circuit court, sitting in equity, denying complainant relief and dismissing its bill.

The bill is by a remote grantee of the mortgagor to enforce the equity of redemption and for accounting. The mortgage was executed on May 22, 1912, by the then owner, the Southside Realty & Development Co., a corporation, to Mrs. Florence Levystein to secure an indebtedness of $2500. Mrs. Levystein transferred the mortgage on April 18, 1916, to the defendant Morris Dreyfus. Thereafter the mortgagor Southside Realty & Development Company on January 15, 1914, conveyed the property to Mrs. Mary H. Teasley. Mrs. Teasley and her husband on July 1, 1915, conveyed the property to American Mortgage & Security Company, the corporate name of said company thereafter being changed to Home Investment Co., Inc. On August 30, 1930, the Home Investment Co., Inc. conveyed the property to Highland Park Manufacturing Company and in the year 1931 Highland Park Manufacturing Company, a corporation, being unable to pay the taxes on said property and the amount due upon said mortgage indebtedness, surrendered possession of said property to the mortgagee, Morris Dreyfus, who has since been in continuous, open possession of the property. The bill avers that said surrender of possession by the Highland Park Manufacturing Company was made "with the understanding and agreement that the rents and income from said property should be applied to the payment of said mortgage indebtedness, including necessary repairs, taxes and other carrying charges; that the mortgagee, Morris Dreyfus, went into possession of said property without foreclosure of said mortgage in, towit, the year 1931 and has ever since remained in possession of said property, collecting rents and income therefrom and applying them to his own uses and purposes; that the net rents and income from said property collected by the said Morris Dreyfus have been more than sufficient to pay in full the said mortgage indebtedness; that on, towit, March 15, 1947, the Highland Park Mfg. Company, a corporation, conveyed the said property to the complainant, Charles B. Teasley, Inc., a corporation, the complainant in this case. The bill alleges that all of the conveyances above mentioned have been placed on record in the office of the Judge of Probate of Montgomery County and that said last mentioned deed transferred and assigned "to the grantee any amount due on account of over payment of said mortgage debt by reason of the mortgagee being in possession of said property and having collected the rents therefrom as more fully set forth in said conveyance."

That complainant called on the respondent on March 21, 1947, for the return of

possession of said property and for an accounting of the rents collected by the respondent from said property. The bill also avers that thereafter on March 25, 1947, the respondent filed for record in the probate office a deed from the State of Alabama to the respondent dated July 20, 1932, a copy of which is attached to the bill and made a part thereof, and on the same date the respondent replied to your complainant's demand stating that he recognized neither the rights of the complainant nor of any one other than himself in so far as said property is concerned. "Your complainant avers that neither your complainant nor any of its predecessors in title had notice of said tax deed prior to the 25th of March, 1947; that no notice was given to the owner or to any person having an interest in said property of the application to purchase said property under said tax deed as required by Code 1923, Section 2131, Code of 1940, Tit. 51, § 316. That said tax deed is null and void; that if your complainant is mistaken in saying that said tax deed is null and void, your complainant avers nevertheless, that the respondent, as mortgagee in possession of said premises, occupied a position of trust to the then owner of said premises, Highland Park Manufacturing Company, your complainant's predecessor in title, and that he occupied a position of trust toward your complainant and was required to apply the rents and income from said property to the payment" of the mortgage indebtedness, taxes and improvements as mortgagee in possession, but in fact he wrongfully appropriated the rents and income to his own use; "that your complainant is entitled to an accounting from the respondent for all rents and income and profits derived from said premises and to the redemption of said property from said mortgage; that the said mortgage has never been foreclosed and that the respondent has continued to hold possession of said premises as mortgagee in possession thereof."

The defendant in his answer to the bill denied that Highland Park Manufacturing Company or anyone else surrendered possession of the mortgaged property to him with an understanding and agreement that the rents and income from said property should be applied to the payment of said mortgage indebtedness; but "respectfully represents and shows that in 1931, after the mortgage was in default, he, as mortgagee, took possession of the mortgaged premises without any agreement or understanding with the mortgagor, its privies or assigns, and that after taking possession in the year 1931, he has continuously held and enjoyed such possession, assessing the property annually for taxes in his name, paying the taxes, and without recognition of any obligation to or interest of the mortgagor, its privies or assigns therein. Respondent denies that the mortgage debt has ever been paid."

Respondent admits that the complainant on March 21, 1947, "requested possession of the property and asked for an accounting of rents; this being the first time respondent's title and possession had ever been questioned by the mortgagor, its privies, or assigns. To this demand respondent replied stating that he recognized neither the claim of complainant or anyone other than himself to title and possession of the property. Respondent admits that he secured a tax deed covering the property in question from the State of Alabama on July 20, 1932, and that, through inadvertence and oversight, said deed was not filed for record in the Probate Office until March 25, 1947. Respondent denies that the tax deed is void. Respondent is without knowledge or information sufficient to enable him to admit the allegations that no notice was given to complainant or any of its predecessors in title of the application to the State for a deed on the property which had been sold for taxes and bought in by the state. That such application and deed were matters of public record and annually since the issuance of said tax deed respondent has assessed the property for taxes and paid the taxes in his own name. Respondent admits that the mortgage was never foreclosed, but denies that he holds a position of trust toward complainant or complainant's predecessor in title." The respondent pleads the statute of limitations of ten years, Code 1940, Tit. 7, § 20, and continuous open, notorious, adverse possession of the property for more than ten years before the filing of the bill.

On final submission on pleadings and proof the court entered the following decree. "This cause was submitted for final decree upon the bill of complaint, answer of the respondent and the testimony taken orally before the court all as shown by the note of submission. Upon consideration thereof, the Court is of the opinion and finds the facts for the respondent, Morris Dreyfus, and is further of the opinion and finds that the complainant, Charles B. Teasley, Inc., a corporation, is not entitled to the relief prayed for in its bill of complaint and has no right to redeem, and has no right, claim or interest in and to the following described real estate situated in the City and County of Montgomery, State of Alabama, towit:

"The center one-third (⅓) of Lots 6, 7 and 8, Block 1, of the Ford Plat as recorded in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 1, at Page 65.

"It is, therefore, ordered, adjudged and decreed by the Court that the relief prayed for in the bill of complaint be, and it is hereby denied; and the bill of complaint is hereby dismissed. * * *"

The equity of the bill rests upon the alleged parol agreement that the rents and income from the said property would be applied to the payment of the mortgage indebtedness, including necessary repairs, taxes and other carrying charges alleged to have been made by Dreyfus at the time he entered into possession of the property and the contention that in purchasing the property from the State of Alabama he was acting for the mortgagor and that the facts alleged created the relation of trustee on the part of Dreyfus with the mortgagor and the assignee as the cestui que trust. The existence of said agreement was the major issue and the facts were in dispute. The court after hearing the evidence ore tenus found the facts against the complainant and this finding is abundantly supported by the evidence.

■ By the default of the mortgagor the Levystein mortgage was discharged of its conditions and the estate of the mortgagee became absolute as of the date of· its execution, subject only to an equity in the mortgagor to redeem from the forfeiture, which a court of equity, to prevent hardship and injustice, would raise and enforce on timely application. At the time Dreyfus took possession in "the absence of an agreement to the contrary," he was entitled to the land and its possession as of May 22, 1912, under the title conveyed by the mortgage.

■ The equity of redemption is regarded as an interest in the land and where it arises by expressed reservation or necessary implication from the terms of the mortgage, it cannot be transferred by the mortgagor except by an instrument in writing containing apt words of conveyance, nevertheless, a mortgagor by his conduct, inconsistent with the right to assert this equity waives or may be estopped from asserting it. Hughes & Tidwell Supply Co. v. Carr et al., 203 Ala. 469, 83 So. 472; Thompson & Co. v. Union Warehouse Co., 110 Ala. 499, 18 So. 105; Dennis v. McEntire Mercantile Co., 187 Ala. 314, 65 So. 774.

■ The complainant having failed to meet and carry the burden of proof which it assumed by its allegations as to the alleged agreement between Dreyfus and the mortgagor, assuming that said agreement could be made without reducing it to writing, the equity of the case disappeared.

■ Appellant's contention that the act of Dreyfus in purchasing from the state and obtaining a deed of conveyance to the property, after it had been regularly sold for taxes and bid in by the state, was in recognition of the relation of trustee and cestui que trust as between Dreyfus and the mortgagor and his assigns, is without merit. The deed procured was one of bargain and sale, antagonistic to the interest of the mortgagor and was efficacious to vest in the grantee the legal title which the state acquired by the purchase at the tax sale, under the statute of that day. Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34. The only disagreement of the justice in that case was as to the priority of right; when a claim is asserted for public improvements by a municipality. It is

46

the well settled principle that in the absence of clear proof to the contrary, public officers are presumed to have performed their statutory duties in respect to the conveyance of lands bought in by the state at tax sale. Gamble et al. v. Andrews, 187 Ala. 302, 65 So. 525. Section 316, Title 51, Code of 1940, cited in brief originated in the Acts of 1935, four years after the sale of the lands involved.

■ Long delay of a mortgagor or his assigns to exercise the equity of redemption —for ten years or more—the mortgagee or his assigns being in adverse continuous possession is a complete bar to the right. Dixon v. Hayes, 171 Ala. 498, 55 So. 164; Richter v. Hall, 128 Ala. 198, 30 So. 740. We find no errors on the record.

Affirmed.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.