41 So.2d 590

### COOPER v. PEAK.
### 5 Div. 466.

Supreme Court of Alabama.
June 23, 1949.

Walter J. Knabe and Fontaine M. Howard, of Montgomery, for appellant.

Robert S. Milner and Holley, Milner & Holley, of Wetumpka, for appellee.

BROWN, Justice.

The bill in this case was filed by the appellant Joel S. Cooper on the 16th of October, 1946, against C. A. Peak and eight other persons named as respondents whose interests are in no way alleged or identified in the bill. As last amended on April 28, 1948, the bill alleges that complainant was the owner of ⅛th interest in the property described in the bill at the time he entered the military service and at the time of the foreclosure of the mortgage, which the bill seeks to vacate, set aside and hold for naught, and that this military service affected his ability to meet the terms of the mortgage in that he earned considerably less income after entering the military service than he earned prior thereto and for that reason he was financially unable to make the payments under the terms of said mortgage.

The first amendment to the bill alleges that the property specifically described in the original bill was formerly owned by the father of the complainant who mortgaged said property on towit March 9, 1939, to J. M. Holley. That the due date appearing on said mortgage was November 1, 1939. That said mortgage was transferred to the respondent C. A. Peak after said due date on to wit Dec. 8, 1941, and that, therefore, the said C. A. Peak was not a bona fide purchaser for value without notice. "That at the time said mortgage was executed to J. M. Holley, and as a part of the consideration therefor, it was agreed and understood between the mortgagor and mortgagee that the rents from the mortgaged

386

property would be collected by the mortgagee or his agent, and credited on said mortgage debt, and that under the terms of said agreement this arrangement was to continue until said mortgage was paid."

That despite said agreement and in violation of said agreement the said C. A. Peak attempted to foreclose said mortgage, to wit, January 26, 1942. The complainant specifically alleges that said Peak was not a bona fide purchaser for value without notice and that, therefore, he violated said contract in the attempt to foreclose said mortgage. That at the time of said foreclosure or attempted foreclosure, complainant was in the military service of the United States as defined by an Act of the United States Government known as the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C.A.Appendix § 501 et seq. That your complainant served in the armed forces beginning January 15, 1942, until December 19, 1945.

The bill prays that the purported foreclosure on towit January 26, 1942, be held to be annulled and that said C. A. Peak be required to cancel the said foreclosure deed or that under or by order of the court that the said foreclosure be marked annulled and of no effect. That said property be restored to complainant together with his brothers and sisters and that the said C. A. Peak be required to account for reasonable rents during the time said property was in his possession and all incomes from said property and that the amount of any balance due on the mortgage be determined by the court, which complainant offers to pay, and to do equity.

There is an absence of averment in the bill that any rents or other income from said property have been collected or received by Holley, his agent or by Peak and there is an absence of any allegation in the bill that any amount has been paid on said mortgage debt. The name of the father of complainant is not stated nor is it alleged in the bill as to how he parted with his interest in the property. It is not alleged in the bill that the respondents, other than Peak, made parties defendant thereto are in any way related to the complainant or have any interest in said property. It does not appear from the allegations of the bill how

or through what course of procedure the complainant acquired his interest in the property after the mortgage was executed. The contents of the mortgage are not stated in the bill nor is a copy thereof attached and made a part thereof. The bill does not allege that said "attempted foreclosure" was not made by authority of a decree of a court of equity.

Some of the above mentioned defects were pointed out by special grounds of demurrer to the bill as last amended and on submission of the cause on the demurrer to the bill the court entered a decree sustaining the same and it is from that decree that this appeal is prosecuted.

The Act of Congress upon which the complainant rests the equity of his bill provides:

"(1) The provisions of this section shall apply only to obligations secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at the commencement of the period of the military service and still so owned by him which obligations originated prior to such person's period of military service.

"(2) In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of non-payment of any sum thereunder due or out of any other breach of the terms thereof occurring prior to or during the period of such service the court may, after hearing, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service—

"(a) stay the proceedings as provided in this Act [sections 501-548 and 560-590 of this Appendix]; or

"(b) make such other disposition of the case as may be equitable to conserve the interests of all parties.

"(3) No sale, foreclosure, or seizure of property for nonpayment of any sum due under any such obligation, or for any other breach of the terms thereof, wheth-

er under a power of sale, under a judgment entered upon warrant of attorney to confess judgment contained therein, or otherwise, shall be valid if made after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 (Oct. 6, 1942) and during the period of military service or within three months thereafter, except pursuant to an agreement as provided in section 107 (section 517 of this Appendix), unless upon an order previously granted by the court and a return thereto made and approved by the court.

"(4) Any person who shall knowingly cause to be made any sale, foreclosure, or seizure of property, defined as invalid by subsection (3) hereof, or attempts so to do, shall be guilty of a misdemeanor and shall be punished by imprisonment not to exceed one year or by fine not to exceed $1,000, or both. Oct. 17, 1940, c. 888, § 302, 54 Stat. 1182; as amended Oct. 6, 1942, c. 581, §§ 9(b, c), 10, 56 Stat. 771, 772." 50 U.S.C.A.Appendix, § 532.

 Construing the allegations of the bill most strongly against the pleader, it will be assumed in the absence of allegation showing the content of the mortgage or a copy of the mortgage attached to the bill and made a part thereof, that it was a regular real estate mortgage executed by the father of complainant to Holley in 1939, conveying to Holley the legal title with condition that default in the payment of the mortgage debt would warrant the foreclosure thereof. The allegations of the bill show that the father defaulted in the payment of the debt in 1939 and that thereafter the mortgage was assigned to Peak, who foreclosed the same, the bill not averring otherwise, through a court of equity. By default of the mortgagor on November 1, 1939, the mortgage was discharged of its conditions and the title of the mortgagee became absolute as of March 9, 1939, the date of its execution, subject to an equity of redemption, which a court of equity, to prevent hardship and injustice, would raise and enforce on timely application at the instance of the mort-

gagor. This equity of redemption is an interest in the mortgaged land, whether it arises by express reservation or necessary implication from the terms of the mortgage, and cannot be transferred by the mortgagor, except by an instrument in writing containing apt words of conveyance, or by will duly executed by the mortgagor and duly proved, or by the process of devolution under the laws of descent and distribution. Chas. B. Teasley Co. Inc. v. Dreyfus, ante, p. 41, 39 So.2d 377.

 There is an absence of allegation in the bill that complainant acquired the equity of redemption and, therefore, the bill as framed is without equity. To paraphrase, a bill in equity must set forth, not the evidence, but every material averment of fact necessary to complainant's right of recovery. So complete must be the averment of facts that on demurrer or decree pro confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. McDonald v. Mobile Life Ins. Co., 56 Ala. 468.

The Act of Congress upon which the complainant relies was amended after the default of the mortgagor, towit on October 6, 1942. See Title, 50 U.S.C.A.Appendix, § 532.

 It has been held that the amendment of 1942 would not retroactively affect foreclosure of mortgage had prior to the date of the amendment. Lincoln Join State Land Bank of Lincoln, Neb. v. Mitchell, Iowa, 1948, 33 N.W.2d 388; Brown Service Ins. Co. v. King, 247 Ala. 311, 24 So.2d 219.

We are, therefore, of opinion that the decree of the court sustaining the demurrer to the bill as last amended was free from error.

Affirmed.

Complainant allowed 30 days to amend as he may be advised.

FOSTER, LIVINGSTON and SIMPSON, JJ., concur.