122 So.2d 139

**Roy LEE**

v.

**Anna LEE.**

**6 Div. 579.**

Supreme Court of Alabama.

June 30, 1960.

Wm. E. James, Cullman, for appellant.

St. John & St. John, Cullman, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of Cullman County, in equity, sustaining the demurrer of appellee (Anna Lee), hereinafter referred to as "G", to the cross-bill of appellant (Roy Lee), hereinafter referred to as "E".

The case, to the extent with which we are concerned on this appeal, may be stated as follows:

There were five owners (A, B, C, D and E) of a tract of land in Cullman County consisting of 65 acres. Each owned a one-fifth undivided interest in the land. Four of these owners (A, B, C and D) deeded said land to a corporation being formed by them and another person (F) principally for the purpose of subdividing said land into building lots. Said conveyance was made in fulfillment of the grantors' subscriptions to stock in said corporation. Each of the four grantors received 12 shares, as did also F, who paid for his shares by rendering certain services. An effort was made by the corporation to acquire E's one-fifth interest in the land. In the meantime D died, leaving, as his only surviving heirs, his widow (G), and his mother, two brothers and a sister (A, B, C and E). Failing to acquire E's interest, the corporation then

conveyed the land to A, B, C and E. What consideration, if any, was paid for said conveyance does not clearly appear. Thereafter, the corporation and four of its stockholders (A, B, C and F) filed a petition in the circuit court of Cullman County, in equity, to dissolve the corporation, alleging, among other things, that it owned no property of any kind.

The petition to dissolve made D's widow, G, the sole respondent. G answered the petition and made her answer a cross-bill, with the original petitioners and E being made cross-respondents. The relief sought by G's cross-bill is dismissal of the petition to dissolve the corporation, a revesting in the corporation of title to the land "to the extent of the value of an undivided one-fifth interest therein", liquidation of "said corporation in an orderly, legal and statutory manner," a holding that G is the owner of the said one-fifth interest in the land, and a divesting of title "out of said corporation of said interest" and placing the same in G.

There was no demurrer testing the sufficiency either of the original petition or G's cross-bill.

A, B, and C made a general answer to G's cross-bill by denying its allegations and demanding strict proof thereof.

E filed a separate answer to G's cross-bill and made his answer a cross-bill to G's cross-bill. E's cross-bill made G the sole cross-respondent.

Basically, the relief sought by E's cross-bill is a holding that the corporation never came into legal existence; in other words, that it was "a dummy corporation" and should be held "null and void and of no legal force or effect whatever on the right of" E "in and to the land." It is also prayed "that the court will hold that the stock issued by" the corporation "is absolutely worthless"; that G, as the widow of D, "does not own any interest, right or title to any of said lands"; that the court will order the register to mark on the probate records "that such 'dummy' corporation is void and of no force or effect what-

soever"; that "the court will hold that the purported stock issued by said alleged corporation, * * * is absolutely worthless and of no force and effect and that the title to all of said real estate is in" E "and his mother and brothers and sister, according to the laws of descent and distribution of the State of Alabama, subject only to the dower and homestead rights of his mother in and to the same."

G demurred to E's cross-bill. The demurrer was sustained. E brings this appeal from that ruling.

Apparently, what E is attempting to do by his cross-bill is to attack the validity of the corporation collaterally. If this can be successfully accomplished in this proceeding it seems to be E's theory that there would then be a failure of consideration for the deed executed in favor of the corporation by A, B, C and D; hence, said grantors never parted with their title and D's interest in the land would descend to his mother, two brothers and sister (A, B, C and E), under the provisions of Code 1940, Tit. 16, § 1. On the other hand, if the conveyance to the corporation was valid, and the 12 shares of stock issued to D are also valid, such shares, being personal property, would descend to D's widow, G, under the provisions of Code 1940, Tit. 16, § 10.

So, it can be seen that the real controversy attempted to be set up and resolved by E's cross-bill is whether D, at the time of his death, was the owner of a one-fifth interest in the land or of 12 shares of stock in the corporation. In this connection, it should be noted that none of the incorporators, including the grantors in the deed to the corporation, questions the validity of the corporation or the deed to the corporation.

This brings us to the crucial question raised by G's demurrer: Is E in a position to question the validity of the corporation and the stock issued by it and, if so, is his cross-bill sufficient to that end? Assuming, but by no means deciding, that E may make such an attack, we nevertheless see nothing

in his cross-bill supporting the invalidity of the corporation and the stock issued by it. The pertinent allegations of the cross-bill are as follows:

"7. That he owns an undivided one-fifth interest in and to all the lands described in the alleged deed from his mother, Ida Lee, and his sister, Ann Elizabeth Lee Rowe, Dan H. Lee, and Robert E. Lee to the so-called Lee Properties, Inc. A copy of such deed is attached to this his answer and cross-bill to the cross-bill of Anna Lee as Exhibit 'A' hereto and made a part hereof the same as fully set out herein. That he did not execute said deed or any other deed or instrument in writing purporting to be a deed to the said Lee Properties, Inc., conveying his said one-fifth undivided interest to such alleged corporation to said lands.

"8. That the alleged corporation of Lee Properties, Inc., was attempted to be formed in his absence and while he was not residing in Cullman County, Alabama. A copy of the purported corporation is hereto attached to this his answer to the cross-bill of Anna Lee and his cross-bill to her cross-bill as Exhibit 'B' hereto and made a part hereof the same as fully set out herein.

"9. The said Roy Lee avers that the said Lee Properties, Inc., was organized for the sole purpose of selling or attempting to sell some or all of the lands in which he owned and still owns an undivided one-fifth interest to the property. That if shares of stock were issued, no capital was ever paid in for such shares of stock and such alleged corporation did not perform a single function as a corporation for which it was organized. That the shares of stock purported to be issued by the corporation are absolutely worthless and of no value at all. That the said Roy Lee not having executed any deed to his undivided one-fifth interest in and to the lands described in

the purported deed executed by his mother, sister and brothers to said land to said corporation makes said corporation subject to collateral attack by him, because it is illegal and unjust as to him and was organized as a mere 'dummy' corporation so far as he is concerned to sell such land without his signature. He dissents from such deed and the 'dummy' corporation and states that its entity is fictional and of no effect whatsoever.

"10. That he further avers that the interest of his deceased brother, Dan Lee, goes to his mother, Ida Lee, and to him and his brothers and sister under the Alabama laws of descent and distribution and none of it to the cross-complainant, Anna Lee. He further states that the said lands being owned by joint owners and tenants in common, she has no dower interest in the undivided interest of her deceased husband in same. He also avers that the cross-complainant, Anna Lee, never resided on said lands and therefore has no homestead character impressed in same. Also, that the said Dan Lee, deceased, owned a home in Mobile, Alabama, at the time of his death. He therefore avers that the said Anna Lee does not own any interest in said land, neither by way of taking as a widow of Dan Lee, by way of dower interest in his undivided interest in same, or by way of a homestead interest in the undivided interest of Dan Lee, deceased, in same."

The fact that E did not join in the deed to the corporation had no effect on the validity of the deed to the extent of the title then held by the grantors. E's one-fifth interest in the land, of course, did not pass to the corporation since he did not join in the deed. So far as appears, he still holds such interest. We just simply are unable to follow the argument that there was never a valid incorporation because E did not join in the deed to the corporation. One tenant in common of

**8**

real estate can convey his separate interest therein without being joined by the other tenants in common. Cooper v. Peak, 258 Ala. 167, 61 So.2d 62, certiorari denied 345 U.S. 957, 73 S.Ct. 939, 97 L.Ed. 1377, rehearing denied 346 U.S. 842, 74 S.Ct. 14, 98 L.Ed. 362; Glass v. Cook, 257 Ala. 141, 144, 57 So.2d 505; Ruffin v. Crowell, 253 Ala. 653, 657, 46 So.2d 218; Gore v. Gore, 250 Ala. 417, 420, 34 So.2d 580.

It appears that E was made a cross-respondent to G's cross-bill because he was one of the grantees in the deed from the corporation, which deed G seeks to have set aside. While E, in his answer, denies the allegations of G's cross-bill seeking such relief, no affirmative relief with respect to such deed is sought by his cross-bill. As we understand E's cross-bill, it seeks only to have the corporation, and the stock issued by it, declared invalid. Since his cross-bill contains no basis for such relief, the demurrer thereto was properly sustained.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY, MERRILL and COLEMAN, JJ., concur.