# Bolen *v.* Hoven.

## *Ejectment.*

(Decided April 18, 1907. 43 So. Rep. 736.)

1. *Administrators; Proceeds of Sale; Disposition; Evidence.*—The evidence in this case examined and held insufficient to show that the proceeds of the sale of the land were used for the benefit of the estate.

2. *Adverse Possession; Duration; Evidence; Sufficiency.*—Evidence in this case examined and held not sufficient to show continuous possession under the administrator's deed for over twenty years.

APPEAL from Clarke Circuit Court.

Heard before Hon. R. W. STOUTZ, Special Judge.

Action by Zedora Hoven against E. J. Bolen. From a judgment for plaintiff, defendant appeals. Affirmed.

H. S. D. MALLORY, JOHN S. GRAHAM and A. L. MC-LEOD, for appellant.—The petition in the probate court was sufficient.—*Cotton v. Holloway*, 96 Ala. 544; *Smith v. Brannon*, 99 Ala. 448; *Kent v. Mansel*, 101 Ala. 334; *Garner v. Toney*, 107 Ala. 352. See, also: *Lyon v. Hamner*, 84 Ala. 197; *Friedman v. Shamblin*, 117 Ala. 467; *Neville v. Kennedy*, 125 Ala. 155, and cases therein cited.

The plaintiff is estopped from questioning the validity of the sale.—*Bell v. Craig*, 52 Ala. 215; *Robertson v. Bradford*, 73 Ala. 116. We cite, also, the *Fullenwider Case*, 87 Ala. 586; 37 Ala. 587; 29 Sou. Rep. 448.

The probate court proceedings are perfected by the rule of repose in connection with the twenty years possession thereunder. The deed of S. J. Parker and wife to Mr. Wilson was recorded in 1878.—*Normant v. Eureka Co.*, 98 Ala. 187; *McArthur v. Currie*, 32 Ala. 88; *Barnett v. Tarrence*, 23 Ala. 463; *Rose v. Turner*, 21 Ala. 210; *Sims v. Augherty*, 4 Strob. Eq. 103; 87 Ala. 586; *Lansden v. Bone*, 90 Ala. 446; *Lowry v. Davis*, 8 Sou. Rep. 79.

The proceedings in the probate court certainly constituted color of title in connection with the deed and the possession thereunder.—Amer. & Eng. Enc. of Law, page 797 and note; Amer. & Eng. Enc. of Law, page 857 and 858, and authorities there cited; *Reddick v. Long*, 124 Ala. 265; *Goodson v. Brothers, Admr.*, 111 Ala. 596.

The general rule is that any writing which is sufficient to constitute color of title and thereby create constructive possession may be introduced in evidence by the grantee to show his claim of title to the land in controversy and the character of his possession.—1 Amer. & Eng. Enc. of Law, page 847; 13 Howard (U. S.) 477; 37 Miss. page 51; 75 Amer. Decision, 49; 24 Wend. (N. Y.) 604; 46 Vermont, 765; *Stevens v. Brooks*, 24 Wis. 330.

MASSEY WILSON, for appellee.—No brief came to the Reporter.

SIMPSON, J.—This was an action of ejectment (statutory) by the appellee (plaintiff) against the appellant (defendant). The plaintiff claimed title as the heir of Odosia Stringer (nee Du Bose), who died in 1867 or 1868, leaving her husband, T. E. Stringer, who died some time in 1902. Plaintiff was the daughter of said Odosia by a former marriage. The defendant deraigned title as follows: Transcripts from the records of the probate court were offered, showing that, when Odosia Stringer died (in 1867 or 1868), her father, E. H. Du Bose, first qualified as administrator of her estate, but died before any settlement was made, and her

29 R

brother, Abel H. Du Bose, qualified as administrator of his said father, and while so acting filed a petition in the probate court to sell the lands in controversy, belonging to the estate of his said sister. Testimony was taken, a guardian ad litem appointed to represent the plaintiff, who was then a minor, and at this state of the proceedings Seth J. Parker was appointed as administrator of the estate of said Odosia Stringer, and continued the proceedings for the sale of said land to a final decree, in which an order was made for the sale of said land. The land was sold and bought by John S. Moore, and an acknowledged deed was offered in evidence, in which the date is————day of————, 187—, but filed March 13, 1883, signed by said Seth J. Parker, as administrator of Odosia Stringer, reciting the proceedings and decree for the sale of said lands, the fact that said Moore had become the purchaser at said sale, and conveying the lands to him. Said Moore, by quitclaim deed dated April 1, 1876, conveyed the lands to said Seth J. Parker. Said Parker, by quitclaim deed dated June 16, 1877, conveyed to Amanda F. Wilson. It was proved that said Amanda F. Wilson afterwards married J. D. Draughon, and she and her husband, by deed dated May 7, 1888, conveyed to M. H. Robinson, and he, by deed dated December 30, 1903, conveyed to E. J. and J. A. Bolen. On motion, the court excluded all of said papers, including the probate court proceedings and the deeds, and gave the general charge in favor of the plaintiff.

When this case was before this court at a previous term, it was held that the probate court never acquired jurisdiction of the sale of the lands in question, and as the deeds, under said attempted sale, were offered as muniments of title, and not merely as color of title, there was no error in the exclusion of them by the court; also that, the plaintiff being a remainderman, the statute of limitations did not commence to run against her until after the termination of the life estate.—*Bolen v. Hoven*, 143 Ala. 652, 39 South. 379. The appellant insists that the plaintiff is estopped from questioning the validity of the sale under the probate court proceedings, and cites the line of cases to the effect that "when a

sale is made by an administrator under a void order, and the purchase money is received and applied in the due course of administration, and the fairness of the sale is not impeached, the purchaser acquires, an equity, which would entitle him to demand of the heir the legal title." Following this, he insists that the "probate court proceedings are perfected by the rule of repose in connection with the 20 years possession thereunder."

Following the leading case of *McArthur v. Carrie's. Adm'r*, 32 Ala. 75, 70 Am. Dec. 529, this court has planted itself upon the proposition that there must be a period "beyond which human transactions shall not be open to judicial investigation," and after an adverse possession for that length of time all reasonable presumptions will be made to perfect the title of the holder. As said in the case, while the presumption may be rebutted, by showing that the possession was not adverse, yet "it cannot be done by proving that the title was, in its inception, defective."—32 Ala. 95 (70 Am. Dec. 529). It is also held by this court that an equitable estoppel operates against those interested in an estate, where lands have been fairly sold and the proceeds applied to the benefit of the estate.—*Bell v. Craig*, 52 Ala. 215; *Robertson v. Bradford*, 73 Ala. 116.. And in the case of *Woodstock Iron Co. v. Fullenwider*, 87 Ala. 584, 6 South. 197, 13 Am. St. Rep. 73, it was held that, inasmuch as the heirs had an equitable right, during the life estate of the widow, to proceed to have the cloud removed from their title, if they waited until after the expiration of the 20 years, the legal presumption would be that the "purchaser, or those claiming title under her, have filed a bill in equity compelling the heirs to convey to them the legal title, or else that voluntary conveyance of such title has been made by such heirs, thereby converting the equitable into a legal title," which was allowed to be asserted in an action of ejectment.—87 Ala. 588, 6 South. 199, (13 Am. St. Rep .73). Without deciding whether the equitable estoppel could be made available in this case, the troubles about invoking these principles of law in behalf of the appellant are, first, that the evidence in

this case does not show that the proceeds of the sale in question were used for the benefit of the estate; and, second, it does not show such continuous possession as the law requires.

With regard to the use of the money, it is true that the deed offered as color of title shows that the amount for which the land sold was $250, and the copy of the settlement in the probate court shows that the administrator charged himself with $250; but neither the settlement nor any other evidence shows that the $250 debt was the proceeds of the sale of the land. Then, on the question of possession, aside from the fact that one of the plaintiff's witnesses testified that Parker went into possession about 1876 or 1877, without saying how long he remained in possession, the evidence does not show that either the first purchaser, J. S. Moore, Seth J. Parker, or Amanda F. Wilson went into possession when the deeds were made to them. Amanda Wilson (afterwards Draughon) conveyed to Robinson May 7, 1888, and the first evidence of possession is the testimony of Robinson that said Mrs. Draughon (formerly Wilson) was in possession before [he] went into possession," and that he then went into possession. So, without adverting to the unsatisfactory nature of the evidence as to the character of the possession exercised by the later holders of the deeds, the possession does not date back as far as 20 years. The deeds and the court proceedings could be admitted only as color of title in aid of proof of actual possession, and from what has been said it results that the court committed no error in excluding the evidence of the defendant, and giving the general charge in favor of the plaintiff.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.