[Dixon v. Hayes, et al.]

# Dixon *v.* Hayes, *et al.*

## Bill to Redeem From Foreclosure.

(Decided Feb. 2, 1911.   Rehearing denied April 27,, 1911.
55 South. 164.)

1. *Mortgages; Redemption; Limitation.*—Where, after the law day of the mortgage the mortgagee has been in possession of the premises for ten years without any accounting for rent, or other recognition of the equity of redemption remaining in the mortgagor or his privies, the right of redemption is barred.

2. *Same.*—Unless the possession of the prior mortgagee was in subordination to and recognition of the rights of the mortgagor, such mortgagee's actual possession of the land, or receipt of the rents therefrom for more than ten years after the law day of the mortgage bars a purchaser at a foreclosure sale under the second mortgage from redeeming.

3. *Same; Adverse Possession; Applicability to Statutes.*—Section 2830, Code 1907, has no application to an adverse holding under a rightful possession, or possession under color of title, or under a bona fide claim of inheritance or purchaser, and hence, has no application to the possession of a first mortgagee and his successors in right under the mortgage.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by J. B. Dixon as a purchaser at a foreclosure sale against Jane Hayes and another, to redeem from first mortgage.   From a decree dismissing bill and cross bill complainant appeals.   Affirmed.

A. LATADY, for appellant.   In the eyes of the law Jane Hayes and her grantee are not injured if they got the mortgage money with interest, and Kennedy is not hurt as the proceedings cannot effect any shadow of right in him, as he parted with his equity in 1887, which was foreclosed in 1888.   Complainant has such an equitable title as will support the bill in this case.—*Lehman-Durr & Co. v. Shook,* 69 Ala. 492; *Brunson v. Morgan,* 84 Ala.

598.   The conveyance by Jane Hayes and her husband to Luther Hayes was an abandonment by Jane Hayes of her asserted possession of the ten acre tract.—Sec. 3364, Code 1907.   Bob and Amanda Hayes, children of Jane Hayes, are not shown to have complied with sections 1541-2, Code 1896, and under section 1545 of the same code, their possession was not adverse, and neither of them complied with the exceptions under section 1546 of the said Code.

E. H. DRYER, SPIER WHITTAKER, and TOMLINSON & McCULLOUGH for appellee.   As neither allegation without proof, nor proof without allegation will authorize relief (*Winter v. Merrick,* 69 Ala. 86) the decree of the Chancellor in dismissing the bill and the cross bill must be affirmed.—*Elyton L. Co. v. Iron Works,* 109 Ala. 602; *Am. Mtg. Co. v. Sewell,* 92 Ala. 171.   On his own showing complainant was barred.—*Rives v. Norris,* 108 Ala. 527. There can be no equity of redemption where there is no mortgage debt, and the recital of an indebtedness in the mortgage to the Trust Company is no evidence of the existence of any such consideration against a stranger.— *Snellgrove v. Evans,* 145 Ala. 600; *Patterson v. Irwin,* 132 Ala. 557; *Shelby I. Co. v. Ridley,* 135. 515. Counsel discuss other matters not necessary to be here set out.

McCLELLAN, J.—The bill seeks redemption from a prior, unforeclosed mortgage, and is exhibited by Dixon whose assertion of right to redeem rests upon his averred succession to the right (equity) passing to the purchaser at the foreclosure sale under the power of a second mortgage.   The first mortgage, from which redemption is sought, appears to have been executed June 27, 1887. The second mortgage, to the foreclosure of which, by sale under the power, complainant would trace his rights in the

premises, appears to have been executed July 9, 1887. The law day of the latter (second) mortgage was January 9, 1888. The law day of the former (first) mortgage, if we correctly interpret its terms, was not later than six months after its date. The bill was filed May 14, 1907, upwards of 19 years after the law day of the elder mortgage. Upon submission, on pleading and proof, the chancellor dismissed the bill, as also the cross-bills. The appeal is by the original complainant alone.

The decree, as now assailed, must, we think, be affirmed. This conclusion might be justified upon other theories and findings; but those to be stated will suffice to determine the propriety of the dismissal of the bill entered below.

Where the mortgagee, after the law day of the mortgage, has been in possession of the subject for a period of 10 years, without an accounting for rents and profits, or other recognition of the equity of redemption remaining in the mortgagor, or in his privies, the right of the mortgagor, or of his privies, to redeem is finally barred. —*Coyle v. Wilkins*, 57 Ala. 108; *McCoy v. Gentry*, 73 Ala. 105; *Richter v. Nall*, 128 Ala. 198, 30 South. 140; *Love v. Butler*, 129 Ala. 531, 30 South. 735.

It satisfactorily appears from the voluminous evidence submitted that John and Jane Hayes, the alleged prior mortgagees, or their successors in granted right and title, had been, before this bill was filed, in, and exercising such possession of the premises in question as effected to bar the right of redemption now sought to be enforced. So far as Kennedy (alleged mortgagor) is concerned, there can be no doubt, in the light of the evidence, that he was never in possession of the premises. Whatever the conveyance created by and between him and John and Jane Hayes, it is clear that they did not part with the possession of the premises. After amend-

[Dixon v. Hayes, et al.]

ment of the bill, this averment, referring to the Hayes possession, appears: " * * * And that the possession of the said Dallas Kennedy forthwith [i. e., June 27, 1887] passed to the said Jane Hayes, and that she has ever since been in the actual possession of the said lands, or in the receipt of the rents and profits thereof, and hath ever since continued in such possession and receipt [amendment], but at all times in subordination to and recognition of the rights and obligations of the said Dallas Kennedy."

The purpose of the amendment was, of course, to avoid the barring effect of the rule before stated. The added averment has no support in the evidence submitted to the chancellor. On the contrary, the evidence expressly refuted the averment. The allegation was essentially material, for, if not sustained, the bill, on its face, expressed in averment the bases of fact to which the rule above reiterated attached the law's conclusion of complete bar, provided, of course, the law day of the (first) mortgage had affirmatively appeared in the bill. The failure of proof in respect to the averment, added by way of amendment, required the dismissal of the bill.— *Elyton Land Co. v. Iron City Bottling Works,* 109 Ala. 602, 20 South. 51; *A. F. L. M. Co. v. Sewell,* 92 Ala. 163, 9 South. 143, 13 L. R. A. 299; *Burroughs v. Burroughs,* 164 Ala. 329, 50 South. 1025.

Solicitors for appellees pressed several other considerations, wherefrom, it is insisted, the correctness of the decree, as now asserted, must result. From the conclusions stated, it is not now necessary to pass upon them.

The decree, in the particular assailed on this appeal, is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.

[Howell v. Howell, et al.]

## On Rehearing.

By the terms of the statute (Acts 1892-93, p. 478; Code 1896, § 1541 et seq. See Code 1907, now section 2830), requiring the record of claims of adverse possession under conditions therein defined, it had no application to a rightful possession, or to a possession under color of title, or to a possession under bona fide claim of inheritance or purchase.—*Holt v. Adams,* 121 Ala. 664, 25 South. 716; *Sledge v. Singley,* 139 Ala. 346 37 South. 98; *Bowling v. M. & M. Ry. Co.,* 128 Ala. 550, 29 South. 584.

As appears, the possession of Jane Hayes and of her successors in right was not within the influence of the statute.

The rehearing is denied.