(92 South. 904)

**HUEY et al. v. BROCK et al.** (6 Div. 407.)

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Jan. 19, 1922.)

1. Remainders ⬤⟳17(3)—Reversions ⬤⟳8(2) —Generally prescriptive period does not begin to run against reversioner or remainderman until determination of life estate.

Generally the prescriptive period of 20 years does not begin to run against a remainderman or reversioner until the determination of the life estate.

2. Remainders ⬤⟳17(3)—Reversions ⬤⟳8(2) —Reversioner or remainderman may, but need not, bring bill to remove cloud pending particular estate.

While a remainderman or reversioner may maintain a bill to remove a cloud from his reversion pending the particular estate, he is under no duty to do so.

3. Reversions ⬤⟳8(2) — Reversioners' title held destroyed by laches during lifetime of owner of particular estate.

Where heirs to land, entitled as reversioners on the death of the widow, who was assigned dower therein, were not parties to a suit ordering the sale of the land to satisfy a vendor's lien, and did not for 40 years, during the life of the widow, assert any claim against purchaser at this sale, or his assigns, their title in the reversion was destroyed, as the purchase money paid off an incumbrance subject to which the heirs took their title in reversion, and the sale was sufficient to vest in purchaser an equitable title, and put on heirs the neces-

sity of doing equity by tendering the amount paid.

On Rehearing.

4. Constitutional law ⬤⟳249, 308—Reversioners not deprived of due process or equal protection of law by decision holding that their rights were destroyed by laches.

A decision holding that the title of reversioners was destroyed by failure to bring an action within the prescriptive period, but during the life of the owner of the particular estate, against the owner of the equitable title, which title was secured in an action to which they were not parties, did not deprive reversioners of either due process or equal protection of the law.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill to quiet title to certain lands by D. A. Brock and others against Virginia Huey and others. Decree for complainants, and defendants appeal. Affirmed.

The bill was filed under the statute, and the respondents answered that they claimed a reversionary interest in some of the lands, that they claimed no possessory interest, and that their title was conditioned upon the falling in of the title of one Rebecca J. Tully, who was the mother or grandmother or ancestor of most of the respondents, and that she was still living, and that she claimed it through one A. H. Laird, who died in the year 1876, leaving his widow, Rebecca J., and 14 children.

Theodore J. Lamar and A. Latady, both of Birmingham, and James J. Mayfield, of Montgomery, for appellants.

The dowress has a life estate, which she may sell, lease, etc., but her sale of a greater interest will not work a forfeiture of the estate. 14 Cyc. 1011; section 3405, Code 1907. This estate cannot be defeated or extinguished by the act of a third person. Section 3406, Code 1907. It is not incumbent upon a remainderman or reversioner to take any act to protect his interest until the falling in of the life estate, and there can be no prescription where there has been no default in duty or delay in assertion of rights. 180 Ala. 425, 61 South. 96. The equity proceedings to enforce the vendor's lien did not affect parties who were not parties to the suit. 69 Ala. 343; 76 Ala. 143; 155 Ala. 233, 46 South. 494; 165 Ala. 157, 51 South. 618. A suit against an administrator is not evidence to charge the heirs. 168 Ala. 465, 53 South. 105; 62 Ala. 31. This court has repeatedly declared against both theories adopted by the trial court. Authorities supra.

Thomas J. Judge, of Birmingham, for appellees.

The case of Woodstock Iron Company v. Fullenwider, 87 Ala. 584, 6 South. 197, 13 Am. St. Rep. 73, is decisive of every question

raised in this case. 90 Ala. 446, 8 South. 65; 8 South. 79; 180 Ala. 425, 61 South. 96; 118 Ala. 273, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160; 37 Cyc. 454; 36 N. D. 355, 162 N. W. 543; L. R. A. 1917E, 302; 32 Ala. 88, 70 Am. Dec. 529; 72 Ala. 377; 83 Ala. 528, 3 South. 321; 84 Ala. 570, 3 South. 286, 5 Am. St. Rep. 401.

·SAYRE, J. A. H. Laird died in 1876, seised and possessed of the land here in controversy. His widow remained on this land after his death, and shortly thereafter dower in it was assigned to her. Then she intermarried with one Tully, and is still living. Defendants are lineal descendants of Laird and his heirs at law. Laird had purchased the land from one May, and at the time of his death May held a vendor's lien as security for the purchase price. The record of a decree in chancery in a cause entitled "M. A. May v. M. M. Guin et al.," dated November 12, 1879, and purporting to declare a vendor's lien on the property in favor of May and ordering a sale, was introduced in evidence. By this decree the register was directed to sell first the reversionary interest in the land, and, in the event a satisfactory sum to satisfy the lien of complainant in that cause was not so realized, then the dower interest. Tully became the purchaser, and the sale to him was confirmed by the court. Complainants in this cause trace their title through mesne conveyances back to Tully. They have improved their several parcels, and they, or their predecessors in claim and title, have been in possession for more than 20 years. Unless barred ·by the proceeding in the chancery court, appellants are still the owners of an estate in reversion in the land in question. This bill was filed by appellees, in 1918, under the statute, to settle the title and clear up all doubts or disputes concerning the same.

·[1, 2] M. M. Guin was administrator of Laird's estate. The complete record in the cause of May v. Guin was not offered in evidence; for what reason we do not know, but no question as to that is raised. We will assume that defendants in this cause were not parties to that. However,. it does not necessarily follow that defendants have not been barred of their reversion by their failure for more than 40 years to assert their rights. It is true that in general the prescriptive period of 20 years does not begin to run against a remainderman or reversioner until he has a right to sue for the possession; that is, until the determination of the estate for life. We may cite to this proposition Bass v. Bass, 88 Ala. 408, 7 South. 243; Hall v. Condon, 164 Ala. 393, 51 South. 20; Blakeney v. Du Bose, 167 Ala. 627, 52 South. 746; Kidd v. Borum, 181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226; Dallas Compress Co. v. Smith, 190 Ala. 423, 67 South. 289. And while a remainderman or reversioner may maintain a bill in equity to remove a cloud from his title or reversion pending the particular estate, he is under no duty to do so. Authorities supra.

[3] But in this case, as in Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 South. 197, 13 Am. St. Rep. 73, complainants' predecessor in title acquired a special equity by his purchase under the decree against Laird's administrator. The purchase money paid by him went to relieve the title of an incumbrance subject to which defendants took their title in reversion. In these circumstances, it was necessary that a bill be filed to prevent the destruction of the title in reversion by the lapse of more than 20 years during which defendants may have sued—this, though some of them were infants of tender years at the date of the death of their ancestor. Such is the doctrine of Woodstock Iron Co. v. Fullenwider,·supra, and the decision in that case, as subsequently interpreted, has become the settled law of this state. The law of that case is founded upon the doctrine of estoppel, which, as applied here, means that, while the proceeding in equity under which complainants claim may have been void as to defendants, it was sufficient to vest an equitable title in the purchaser, and put upon defendants the necessity of doing equity as a condition precedent to an exercise of the powers of equity for their relief—specifically, it was necessary that defendants tender the amount paid for the title under which complainants claim, that amount having gone to relieve the land in question of the burden of the vendor's lien. The decisions of this court hold to the doctrine that, in cases like this, a failure, within the prescriptive period, to do equity, is such laches as authorizes and requires an inference that the right to do so has been barred in any one of the modes by which such result may be affected. Winters v. Powell, 180 Ala. 425, 61 South. 96; Robinson v. Pierce, 118 Ala. 273, 24 South. 984, 45 L. R. A. 66, 72 Am: St. Rep. 160; Bolen v. Hoven, 143 Ala. 652, 39 South. 379; Id., 150 Ala. 448, 43 South. 736.

It follows from the principle thus established that there was no error in the decree rendered in the trial court.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

On Rehearing.

PER CURIAM. [4] The court is of the opinion that the ruling in this cause has deprived appellants of neither due process nor equal protection of the law, nor does it in any wise contravene the Constitution of the United States or of this state.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.