20 So.2d 713

**CHATMAN v. HALL et al.**

**7 Div. 794.**

Supreme Court of Alabama.

Feb. 1, 1945.

Rutherford Lapsley, of Anniston, for appellant.

Embry & Weaver, of Pell City, and Chas. W. Greer, of Birmingham, for appellees.

do so, but permitted a foreclosure sale, her equity became perfected and did not need any such assertion by her, nor other act on her part to a restoration of her standing as a tenant in common, further than a declaration in equity.

The demurrer raising these questions should have been overruled, and one is here rendered to that effect.

Reversed and rendered.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.

20 So.2d 774

**SCRUGGS v. BEASON et al.**

7 Div. 808.

Supreme Court of Alabama.

Feb. 1, 1945.

FOSTER, Justice.

Complainant is not required to rely on fraud to sustain her equitable claim in this case. She and her husband are alleged to have been tenants in common of real estate, giving a mortgage upon it. If he became the purchaser of that outstanding interest, directly or through a succession of transactions, it operated to the benefit of complainant, with or without fraud. The allegation of fraud is surplusage. If complainant's husband used his own funds in acquiring the outstanding title, complainant has the right in equity to contribute her one-half of the amount so used, and thereby have her title become rehabilitated to its proper status. Lehman, Durr & Co. v. Moore, 93 Ala. 186, 190, 9 So. 590; Johns v. Johns, 93 Ala. 239, 9 So. 419; Jones v. Matkin, 118 Ala. 341, 24 So. 242; Savage v. Bradley, 149 Ala. 169, 43 So. 20, 123 Am. St.Rep. 30; Williams v. Massie, 212 Ala. 389, 102 So. 611; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526; Salter v. Odom, 240 Ala. 462, 199 So. 687; Bailey v. Bond, 237 Ala. 59, 185 So. 411.

In order to come into the benefits of such a situation, it is usually necessary for complainant to assert the privilege in a reasonable time. But no principle of laches or limitations has application to one in possession of the right sought to be barred. Williams v. Anthony, 219 Ala. 98, 99(4), 121 So. 89; Branford v. Shirley, 238 Ala. 632, 193 So. 165; 30 Corpus Juris Secundum, Equity, p. 538, § 116, subsec. c; Williams v. Massie, supra (5).

As long as complainant was in the joint possession of the property with her husband, laches did not run against her. Moreover, the bill alleges that complainant furnished the money to her husband to pay the balance of the mortgage debt with instructions to do so. So that if he did not