103 So.2d 722

**Corra CUNNINGHAM et al.**

v.

**W. J. ANDRESS, Jr. et al.**

I Div. 726.

Supreme Court of Alabama.

May 22, 1958.

410

B. E. Jones & R. L. Jones and John M. Coxwell, Monroeville, for appellees.

Hare & Bonham, Monroeville, for appellants.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Monroe County, in equity, sustaining demurrers to appellants' amended bill.

The subject of the litigation is thirty-nine and one-half acres of land situate in the NE ¼ of Section 2, Township 6, Range 7, in Monroe County which, on October 29, 1931, was mortgaged by Alex Cunningham and his wife, Corra, to W. J. Andress to secure an indebtedness of $2,961.74.

The original bill was filed on July 28, 1956, by Corra Cunningham and six other persons against (1) the "executors" of the estate of W. J. Andress, deceased; (2) the heirs of W. J. Andress; (3) J. T. Hines, W. W. Eddins and W. T. Thames, who are alleged to "claim an interest in said tract or a part thereof by transfer or attempted transfers from certain heirs of the deceased mortgagee, W. J. Andress"; and (4) C. J. McCall, L. T. McCall and D. L. McCall, who are alleged to "hold a mortgage on the interest claimed by respondent, W. T. Thames."

The complainants in their bill seek to redeem from an alleged void tax sale, an accounting and to enforce the equity of redemption of the 1931 mortgage which is alleged to have been never foreclosed. The bill also prayed that "complainants be allowed to redeem the said land and property with the claims or clouds of respondents voided and removed therefrom."

The original bill was amended so as to make Gertrude Andress a party respondent in her individual capacity and as executrix of the estate of her husband, who was a party respondent to the original bill but died after it was filed.

The "executors" of the estate of W. J. Andress, deceased, interposed demurrer to the bill as amended. A demurrer was filed on behalf of the "heirs at law and devisees under the will of W. J. Andress, deceased." Mrs. Gertrude Andress joined in that demurrer. J. T. Hines, W. W. Eddins, W. T. Thames and Selwyn Andress joined in filing a demurrer to the bill as amended.

The trial court rendered a decree on March 25, 1957, sustaining each of the demurrers. From that decree this appeal has been taken and errors have been assigned so as to present for our consideration the action of the trial court in sustaining each of the three separate demurrers.

■ All of the demurrers were addressed to the bill as a whole. Hence, if one or more aspects of the bill are good as against the demurrer interposed, then the decree sustaining the demurrers must be reversed. Gibson v. Hall, 260 Ala. 539, 71 So.2d 532; Horan v. Horan, 259 Ala. 117, 65 So.2d 486; Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779; Sellers v. Valenzuela, 249 Ala. 627, 32 So. 2d 517; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417.

As we have heretofore indicated, in one aspect of the bill the complainants seek to exercise the equity of redemption of the unforeclosed mortgage executed by Alex and Corra Cunningham to W. J. Andress in October of 1931.

■ A mortgagor of real estate, before foreclosure, has an equity of redemption therein and a court of equity has original jurisdiction to enforce this equity. A bill by the mortgagor against the mortgagee, disclosing such equity of redemption, submitting to the jurisdiction of the court, offering to pay the amount ascertained to be due on the mortgage debt and, thereupon, praying a surrender and cancellation of the mortgage, contains equity. No tender or excuse for not making tender is essential to the equity of the bill. No controversy or occasion for an accounting as to the amount of the mortgage debt need be shown. These principles have been declared in a long line of decisions. Wesson v. Taylor, 240 Ala. 284, 198 So. 848, and cases cited; Edmondson v. Martin, 256 Ala. 73, 53 So.2d 613; Peterson v. Home Savings & Loan Ass'n, 258 Ala. 505, 63 So.2d

561; Murphree v. Summerlin, 114 Ala. 54, 21 So. 470; Hawkins v. Snellings, 255 Ala. 659, 53 So.2d 552; McGowan v. Williams, 241 Ala. 588, 4 So.2d 164; Macke v. Scaccia, 222 Ala. 359, 132 So. 880.

Twenty-five and one-half acres of the land covered by the mortgage in question was owned by Alex Cunningham. The other fourteen acres was owned by Corra Cunningham. The land of Alex and that of Corra adjoined and at the time the mortgage was executed all of it was "within one enclosure or defined and obvious boundary." There were no "dividing fences or divisions." Alex and Corra "lived in a large and comfortable house situated on the 39½ acre tract," which the bill avers constituted their homestead. So it appears that in executing the mortgage Corra Cunningham did so as a co-debtor and as owner of fourteen acres of the land and in order to release her dower and homestead rights in Alex's twenty-five and one-half acres.

■ Alex Cunningham died on August 7, 1936, so his wife, Corra Cunningham, had such an interest in all of the property covered by the mortgage as to make her a proper person to file a bill to enforce the equity of redemption as to the entire thirty-nine and one-half acres of land. Butts v. Broughton, 72 Ala. 294; Morgan Plan Company v. Bruce, 262 Ala. 314, 78 So.2d 650; Rainey v. McQueen, 121 Ala. 191, 25 So. 920. In Butts v. Broughton, supra, 72 Ala. 298, this court said:

"A bill to redeem a mortgage may be filed by anyone who owns the mortgagor's equity of redemption, or any subsisting interest in it, by privity of title with him, whether by purchase, inheritance, or otherwise. This principle would embrace not only heirs of the mortgagor, but also his widow who had joined with him in the mortgage, so as to have released her dower. [Authorities cited] So, an estate of homestead in the mortgaged premises entitles the holder of it to redeem. 2 Jones on Mortgages, § 1069."

■ The six other complainants apparently claim under the statute of descent and distribution as the heirs of Alex Cunningham. But there is nothing in the bill to show that Alex Cunningham died intestate. For aught appearing he could have left a will leaving his property to a person or persons other than these so-called heirs. It is a well settled rule in equity pleading that a bill of complaint should show by clear and unambiguous averments the complainant's right, title or interest in and to the subject matter of the suit. Bond v. McFarland, 217 Ala. 651, 117 So. 63; Anderson v. Byrd, 251 Ala. 257, 37 So.2d 115; Case v. Pfaffman, 253 Ala. 511, 45 So. 2d 453. Equity Rule 67, Code 1940, Tit. 7 Appendix, relieves certain stringencies in so far as the relief that may be granted to some but not all complainants. But that rule does not make a bill free from demurrer for adding as complainants parties who are not united in interest in the relief sought. Kelly v. Kelly, 250 Ala. 664, 35 So.2d 686; Holder v. Taylor, 233 Ala. 477, 172 So. 761; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084.

■ However, there was no ground of demurrer which took the point that there was a misjoinder of parties complainant or that the amended bill failed to show the right, title or interest on the part of some of the complainants in the subject matter of the suit. Of course, it is the grounds of the demurrers which were assigned to the bill as amended which are here for review. Thompson v. Thompson, 107 Ala. 163, 18 So. 247.

As we have heretofore indicated, the complainant Corra Cunningham is shown to be a proper party to seek to enforce the equity of redemption of all of the land covered by the mortgage.

■■ The mortgagee is not a party respondent. He died on January 28, 1948. The bill shows that the mortgagee died testate, hence his executors were correctly made parties respondent. Carwile v. Crump, 165 Ala. 206, 51 So. 744. The heirs

were correctly made parties in view of the aspect seeking to enforce the equity of redemption. Smith v. Murphy, 58 Ala. 630; Jacobs v. Murphy, 245 Ala. 260, 16 So.2d 859; Carwile v. Crump, supra. The purchasers of the lots were certainly proper parties to that aspect seeking to exercise the equity of redemption under the rule that those who have an interest liable to be affected should be joined. 59 C.J.S. Mortgages § 866(3), p. 1679; Carlin v. Jones, 55 Ala. 624; Amann v. Burke, 237 Ala. 380, 186 So. 769.

Some of the respondents below assert that those grounds of their demurrers taking the points that the bill was multifarious and that there is a misjoinder of parties respondent were properly sustained because they have no interest in some of the aspects of the bill; for instance, the aspect which seeks an accounting. But it is well established that it is not necessary that all parties to the bill should have an interest in all of the matters in controversy, but it is sufficient if each defendant has an interest in some of the matters involved and they are connected with the others. Littleton v. Littleton, 238 Ala. 40, 188 So. 902; Truss v. Miller, 116 Ala. 494, 22 So. 863. In the instant case we think it clear that the objecting respondents have an interest in that aspect of the bill seeking to enforce the equity of redemption and that they are thereby sufficiently connected with the other matters in controversy as to render inappropriate these grounds of the demurrers. Allgood v. Bains, 247 Ala. 669, 26 So.2d 98; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751; Hill v. Rice, 259 Ala. 587, 67 So.2d 789. See Equity Rule 15.

What has been said is sufficient to disclose our view that the objections of multifariousness and misjoinder of parties respondent are not well taken.

The bill is good as against the grounds of the demurrers which took the point that the bill is without equity. It is a bill by a mortgagor against those claiming under the mortgagee to be permitted to exercise the equity of redemption of an unforeclosed mortgage. The complainant Corra Cunningham submits to the jurisdiction of the court, offers to do equity by paying the amount due on the mortgage debt, if any, and asks, in effect, for a surrender and cancellation of the mortgage. Wesson v. Taylor, 240 Ala. 284, 198 So. 848, and cases cited.

Although the equity of redemption is regarded as an interest in land, nevertheless a mortgagor by his conduct may waive his right to assert it. Charles B. Teasley, Inc., v. Dreyfus, 252 Ala. 41, 39 So.2d 377. Laches may prevent the mortgagor from successfully maintaining a suit to exercise the equity of redemption. Lucas v. Skinner, 194 Ala. 492, 70 So. 88. The lapse of ten years under certain circumstances produces the same result. Dixon v. Hayes, 171 Ala. 498, 55 So. 164; Richter v. Noll, 128 Ala. 198, 30 So. 740; Charles B. Teasley, Inc., v. Dreyfus, supra. And, of course, under certain conditions the principle of prescription, sometimes called staleness of demand, will operate to bar such relief.

Each of the three demurrers contain grounds raising laches, the ten-year statute of limitations and prescription, the permissible practice if such appears from the face of the bill. Pittman v. Pittman, 247 Ala. 458, 25 So.2d 26; Davidson v. Blackwood, 250 Ala. 263, 34 So.2d 205; Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779; Darden v. Meadows, 259 Ala. 676, 68 So.2d 709.

In the instant bill relief is sought concerning a transaction which occurred nearly twenty-five years before the filing of the bill, which did not occur until approximately twenty years after the death of one of the mortgagors and eight years after the death of the mortgagee. The burden was therefore upon complainants by their bill to excuse so long a delay. Chambless v. Kennamer, 214 Ala. 293, 107 So. 908; Darden v. Meadows, supra; Wise v. Helms, 252 Ala. 227, 40 So.2d 700.

It is apparent that the drafters of the bill presently under consideration recognized that the burden was upon complainants to excuse the long delay. They have attempted to meet that burden in two ways, first, by averments purporting to show that Corra Cunningham has continued in possession of the property, and second, the mental incapacity of Corra Cunningham and of Bessie Cunningham Royster, one of the other complainants.

In considering the sufficiency of the bill as against the grounds of the demurrers which raise the several questions of delay, we will confine ourselves to the averments which are designed to excuse Corra Cunningham, for her right to redeem would not be affected by the fact that the other complainants under the averments of the bill may be barred by laches, the statute of limitations or prescription. See Hood v. Johnston, 210 Ala. 617, 99 So. 75.

Many of our cases contain expressions to the effect that neither laches, the ten-year statute of limitations nor any principle of limitations has application to a complainant who has all the while been in possession of the property with respect to which relief is sought. So long as peaceable possession continues the owner need take no action. Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 So. 393; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084; Behan v. Friedman, 218 Ala. 513, 119 So. 20; City of Bessemer v. Ratliff, 240 Ala. 406, 199 So. 838; Blewett v. Stallworth, 248 Ala. 242, 27 So.2d 206; Branford v. Shirley, 238 Ala. 632, 193 So. 165; Chatman v. Hall, 246 Ala. 403, 20 So.2d 713; Gilmore v. Sexton, 254 Ala. 560, 49 So.2d 157; First National Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L.R.A. 1918F, 353; Craig v. Root, 247 Ala. 479, 25 So.2d 147; Woods v. Allison Lumber Co., 258 Ala. 282, 62 So.2d 229; Ammons v. Ammons, 253 Ala. 82, 42 So.2d 776; Tarver v. Tarver, 258 Ala. 683, 65 So.2d 148.

The averments of this bill, even when construed most strongly against complainants, show that Corra Cunningham and her husband were in possession of the suit property from the time the mortgage was executed in October of 1931 until the husband's death in August of 1936 and that Corra Cunningham continued in possession of the property after her husband's death until at least 1939, when "the mortgagee, W. J. Andress, deceased, arranged to move complainant, Corra Cunningham, from the big house where she was then living as afore alleged, to a smaller house on the same tract here involved." The bill also avers that Corra Cunningham became a non compos mentis in 1937 and that she continued insane and was insane at the time this bill was filed. She "sues by her son and next friend, Joe Wheeler Cunningham."

There are other averments concerning the possession of the property which complainants construe as showing that Corra Cunningham has continued in the possession of practically all of the land even after she was moved from the big house into the little house in 1939 and after the mortgagee began to collect rents from the use of the big house, which rents, the bill avers, were to be used towards the reduction of the mortgage debt. Respondents construe those averments as going to show that Corra has not been in possession since she was moved into the small house, but has lived on the premises at the sufferance of the mortgagee and his successors in interest. The view which we take of this matter makes it unnecessary to resolve this controversy as to what the bill shows concerning the possession of the property since 1939.

As we have indicated, we read the bill as showing that Corra was certainly in possession until 1939. We understand from their brief that respondents below so construe the bill. Hence, Corra Cunningham cannot be said to be barred by the doctrine of prescription, for the bill was filed in July of 1956, less than twenty years from

the date on which the respondents below claim the bill shows the mortgagee, W. J. Andress, went into possession. See Craig v. Root, 247 Ala. 479, 25 So.2d 147.

The bill shows that Corra Cunningham became insane in 1937 and that such disability continued until the date the bill was filed. We understand from their brief that respondents below so construe the averments of the bill. When the bill is so considered, the ten-year statute of limitations cannot be said to be a bar to Corra Cunningham's right to redeem because she was insane before 1939, the date on which the respondents contend the bill shows she went out of possession. § 36, Title 7, Code 1940.

Likewise, the bill's averments as to Corra's mental incapacity are sufficient to relieve her of the imputation of laches. Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Cunningham v. Wood, 224 Ala. 288, 140 So. 351.

We hold that the grounds of the demurrers which point out that the bill affirmatively shows that complainants were barred by prescription, the ten-year statute of limitations and laches were not well taken as against the aspect of the bill seeking to redeem from the mortgage, and as we have heretofore shown, these demurrers were addressed to the bill as a whole and if any aspect is good the demurrers should have been overruled.

There is no ground of the demurrers taking the point that it affirmatively appears from the allegations of the bill that the complainants are barred from the relief which they seek by virtue of what is generally referred to as the short statute of limitations, § 295, Title 51, Code 1940. Moreover, the grounds of the demurrer were not addressed to the aspect of the bill seeking to be permitted to redeem from the alleged void tax sale.

In support of the decree of the trial court the appellees, the respondents below, insist that the bill shows on its face that the complainants are estopped from obtaining the relief for which they prayed and that the grounds of the demurrers raising that point were properly sustained. We cannot agree. The bill, in our opinion, does not set out facts which would warrant the application of the doctrine of estoppel as applied in Forney v. Calhoun County, 86 Ala. 463, 5 So. 750; Thompson v. Page, 255 Ala. 29, 49 So.2d 910, and the other cases cited by appellees. While the bill does show the sale of a few lots from the suit property by some of the respondents, there is nothing in the bill to show that any improvements have been made thereon. The rule that the averments of the complaint must be construed most strongly against the pleader does not bring about such a construction. See Walls v. Skelton, 215 Ala. 357, 110 So. 813. Moreover, the sale of the lots did not occur until long after Corra Cunningham is alleged to have become insane.

The failure to comply with the statute of nonclaim (§ 210, Title 61, Code 1940) does not operate to bar the complainants' right to redeem from the mortgage. Locke's Ex'r v. Palmer, 26 Ala. 312. See Smith v. Gillam, 80 Ala. 296.

We are of the opinion that there is no merit in those grounds of demurrer which take the point that the bill does not sufficiently point out the interest which each of the respondents claims in the suit property.

We think the demurrers should have been overruled and not sustained. A decree will be so entered here.

The respondents below are given thirty days from the date on which the certificate of the clerk of this court reaches the register of the circuit court of Monroe County, in equity, within which to answer.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.