This is an appeal from a dismissal for failure to state a claim upon which relief can be granted under Rule 12 (b)(6), ARCP. We reverse and remand.
The nature of this action and the identity of the parties can best be stated by summarizing the plaintiffs' complaint. Plaintiffs allege the following. Stanley M. Waters died in 1936 leaving certain acreage in Baldwin County to his wife for life and on her death to his children, who, with the exception of the oldest child, are plaintiffs in this action. (The wife is still living and, with the oldest child, is a defendant.[1]) When Waters died, the land was subject to certain mortgages and a vendor's lien, all of which were assigned to defendant E. Davidson and H.L. Taylor, (now deceased) in February, 1941. Davidson and Taylor "were acting together as a partnership." Waters' wife, the life tenant, and his oldest child, one of ten remaindermen, executed a written instrument in 1941 purporting to convey the fee simple title to the land to Davidson and Taylor. (Apparently, this instrument was never recorded.) That instrument is void insofar as it purports to convey the fee simple title to the land, to which the transferors did not have the fee simple title. In February, 1941, Davidson and Taylor took possession and control of the land, but they never foreclosed under the mortgages and lien assigned to them. Taylor and defendant Davidson received the income from the land and removed timber and buildings from the land. Less than $3,500 was owed on the debts secured by the mortgages and the lien at the time that Davidson and Taylor took possession of the land. Davidson and Taylor (now deceased) have paid the taxes on said lands since taking possession thereof.
Plaintiffs seek the following relief: an accounting of "all the property, real, personal and mixed, belonging to Stanley M. Waters, deceased, or his estate, which has come into the possession" of Davidson and Taylor; an accounting of all income from the property; credit to Davidson and the partnership for amounts owed under the mortgages and the lien; payment to plaintiffs of any amounts that Davidson or the partnership "received in derogation of the rights of" plaintiffs, in excess of amounts owed on mortgages and lien, and satisfaction of mortgages and lien; cancellation of the instrument executed by the life tenant and one of the remaindermen; and, a declaration of the respective rights of the parties "in and to the property, real, personal and mixed, of the said Stanley M. Waters, deceased. . . ." *Page 382 
Defendant Davidson moved for dismissal on the following grounds: failure to state a claim upon which relief can be granted; laches; ten-year statute of limitations; prescription or the twenty-year statute of limitations; failure to join indispensable parties, viz, those who claim through H.L. Taylor; and res judicata as to those who claim through H.L. Taylor. (A previous action against Taylor and Davidson was dismissed because Taylor died while the action was pending and plaintiffs failed to revive the action within one year after his death. The dismissal was without prejudice to Davidson. The complaint in that case did not state that the action was against Davidson and Taylor as a partnership.)
The trial court found that "[p]laintiffs' alleged cause of action is barred by the doctrine of prescription or the twenty-year statute of limitations." The court dismissed the action with prejudice and stated that it was not necessary to rule on the other points raised by defendant's motion to dismiss. We hold that the trial court's dismissal was erroneous. We reverse and remand.
 I.
Neither prescription, the ten-year statute of limitations on actions to recover possession of lands, Tit. 7, § 20, Code of Alabama of 1940 (Recompiled 1958), nor laches affords any reason for dismissal of this action. As remaindermen, plaintiffs have no right to possession until the death of the life tenant. Consequently, there can be no possession adverse to them. Having no right to possession, they have no right to maintain an action for possession of the lands; thus, the statute of limitations cannot run against them. The rules of law applicable to these issues are well stated in Hammond v.Shipp, 292 Ala. 113, 119, 289 So.2d 802, 807 (1974):
 "Finally, we come to the questions of adverse possession, prescription and laches. The rule is firmly established in this State that until the termination of the life estate the remaindermen have no right of action to recover possession of the land. The statute of limitations never runs against the remaindermen during the existence of the life estate for the reason that no cause or compelling right of action is in them, nor can there be any adverse possession to the remaindermen. Pickett v. Doe, 74 Ala. 122 (1883); Bolen v. Hoven, 143 Ala. 652, 39 So. 379 (1904); Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289 (1914); Bishop v. Johnson, [242 Ala. 551, 7 So.2d 281] supra; Head v. Taylor, 272 Ala. 241, 130 So.2d 4 (1961); Monte v. Montalbano, 274 Ala. 6, 145 So.2d 197 (1963). . . . The twenty year period of prescription does not begin to run until the death of the life tenant. Huey, [Huey v. Brock, 207 Ala. 175, 92 So. 904] supra; Kyser v. McGlinn, [207 Ala. 82, 92 So. 13] supra. Therefore, prescription is not applicable in this case."
That plaintiffs' interest is a remainder in the equity of redemption rather than in the legal title makes no difference. Even if plaintiffs had redeemed by paying off the mortgages and the lien, they would still have had no right to possession during the life of the life tenant.
For laches to run, plaintiffs must have, inter alia, failed to do something that equity requires persons in their position to do. What did plaintiffs here not do that they should have done? According to Hammond v. Shipp, supra at 119, 289 So.2d at 808, they were under no duty to bring an action to remove a cloud on their remainder:
 ". . . And, while the remainderman may maintain an action to remove a cloud on his reversion during the pendency of the life estate, he is under no duty to do so and cannot be guilty of laches if he does not do so. Huey v. Brock, 207 Ala. 175, 92 So. 904, cert. denied 259 U.S. 581, 42 S.Ct. 585, 66 L.Ed. 1074
(1922). . . ."
Defendant seems to argue that plaintiffs should have attempted to enforce their equity of redemption sooner. He quotes *Page 383 Charles B. Teasley, Inc. v. Dreyfus, 252 Ala. 41, 46,39 So.2d 377, 380 (1949):
 "Long delay of a mortgagor or his assigns to exercise the equity of redemption — for ten years or more — the mortgagee or his assigns being in adverse continuous possession is a complete bar to the right. Dixon v. Hayes, 171 Ala. 498, 55 So. 164; Richter v. Noll, 128 Ala. 198, 30 So. 740."
In light of what we have said above, this quotation itself answers defendant's contention: the right is barred by long delay where there is adverse possession. Since plaintiffs here have never had a right to possession, possession by defendant cannot be adverse to them, so far as the complaint shows.
Defendant also cites W.T. Smith Lumber Co. v. Barnes,259 Ala. 164, 66 So.2d 77 (1953), for his contention that plaintiffs' action is barred by laches. That case was a suit by children of a deceased mortgagor, as remaindermen, to set aside a 1935 foreclosure of a mortgage on lands and to cancel the foreclosure deed issued in 1935 as a cloud upon title, on the ground of fraud. This Court held that the suit was barred by laches, even though the life estate was still outstanding.Smith is almost on "all fours" with the present case. However, there is one crucial difference. In Smith there had been a foreclosure, which, if valid, would have cut off the remaindermen's equity of redemption and, even if invalid, gave the appearance of cutting off the equity of redemption. Here, there was no foreclosure; there was merely a deed, which, even if valid as to the interests of those who were parties to it, could not under any circumstances affect the interest of the remaindermen not parties to it and would not give any appearance of doing so. It is sound to require a timely challenge by remaindermen of a judicial action which, if valid, cuts off their interest and, if invalid, gives the appearance of cutting off their interest, but this policy provides no basis for requiring remaindermen ever to challenge an action which, even if valid, cannot affect their interest. This case presents no rationale for holding that plaintiffs in this case are barred by laches from enforcing their equity of redemption or from seeking the relief which they actually request.
 II.
Defendant Davidson also argues that plaintiffs' complaint should have been dismissed for failure to join necessary and indispensable parties, under Rules 12 (b)(7) and 19, ARCP. The parties who defendant alleges should be joined are those who claim an interest in the land through the late H.L. Taylor. Defendant further alleges that those parties cannot be joined because an earlier action by plaintiffs stating the same claim against Taylor and Davidson was abated as to Taylor because of plaintiffs' failure to revive the action after Taylor's death.
Plaintiffs allege that Davidson and Taylor were acting together as a partnership when they were assigned the mortgages and the lien and when they later took possession of the land. However, plaintiffs have not named the partnership as a defendant. Only E. Davidson, "individually and as a partner in the partnership of E. Davidson and H.L. Taylor," has been named as a defendant. If we assume for the sake of argument that plaintiffs have failed to join indispensable parties, dismissal of the action on this ground would be premature, since, under Rule 15 (a), ARCP, "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . ." It does not appear from the record that plaintiffs have yet attempted to amend their pleading. Nor does it appear that any responsive pleading has been served. Consequently, plaintiffs may still amend their complaint so as to join the allegedly indispensable parties, should they be so advised.
It should be pointed out that the effect of the abatement of the earlier action as to Taylor upon plaintiffs' right to proceed against the partnership or even against *Page 384 
those claiming under Taylor is not before us since plaintiffs have not yet attempted to join such parties.
REVERSED AND REMANDED.
HEFLIN, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] Neither of these parties interposed any defense in the trial court nor is either one a party to this appeal.