TORBERT, Chief Justice
(dissenting).
I respectfully dissent.
Generally, in a suit for possession of land brought by a remainderman, neither the defense of laches nor the running of the statute of limitations, during pendency of the life estate, is available to the defendant. Hammond v. Shipp, 292 Ala. 113, 289 So.2d 802 (1974). An exception to the rule, however, was thoroughly discussed in Duncan v. Johnson, 338 So.2d 1243 (Ala.1976). For the following reasons, I believe the instant case falls squarely within the exception.
I.
In Alabama, a mortgage operates in law as a conveyance, transferring to the mortgagee the estate of the mortgagor. Hawkins v. Snelling, 255 Ala. 659, 53 So.2d 552 (1951). By virtue of the conveyance, the mortgagee has legal title to the property, but, in equity, the mortgagor retains an interest — the equity of redemption. Id. The mortgagor’s equity of redemption is an equitable interest in land, Cunningham v. Andress, 267 Ala. 407, 103 So.2d 722 (1958), and the interest is the right of the mortgagor to legal title of the mortgaged property, once the mortgage debt is discharged. See Code 1975, § 35-10-26. As an equitable interest in property, the equity of redemption can be conveyed, but the transferee of the mortgagor takes only the equity of redemption, while legal title remains in the mortgagee. Trauner v. Lowery, 369 So.2d 531 (Ala.1979).
On default of the mortgagor, the estate of the mortgagee becomes absolute, subject only to the mortgagor’s equity of redemption. Charles B. Teasley, Inc. v. Dreyfus, 252 Ala. 41, 39 So.2d 377 (1949). However, the mortgagor’s equity of redemption may be terminated by valid foreclosure, either by proceeding in a court of equity or by power of sale. Hawkins v. Snelling, 255 Ala. 659, 53 So.2d 552 (1951). See Code 1975, §§ 35-10-1 to -10. A valid foreclosure creates the statutory right of redemption (Code 1975, §§ 6-5-230 to -246), but until a valid foreclosure, the equity of redemption is not extinguished. Summerford v. Hammond, 187 Ala. 244, 65 So. 831 (1914).
Applying the foregoing principles to the instant case, it becomes apparent that plaintiffs’ suit is one to enforce their equity of redemption. Since the mortgage was never discharged and plaintiffs claim through S. M. Waters, the mortgagor, plaintiffs hold only the equity of redemption. Defendants, as assigns of the mortgagee, never foreclosed the mortgage, but instead they took possession of the mortgaged property. Because no valid foreclosure extinguished the equity of redemption, plaintiffs may redeem the mortgaged property, providing their application is timely.
II.
The statute of limitations for recovery of possession of land (Code 1975, § 6-2-33), may limit the time for exercise of the equity of redemption where the mortgagee is in possession, see, Cunningham v. Andress, 267 Ala. 407, 103 So.2d 722 (1958), or, to the same effect, the mortgagee may adversely possess the equity by reason of Code 1975, § 6-5-200. See, Charles B. Teasley, Inc. v. Dreyfus, 252 Ala. 41, 39 So.2d 377 (1949); Ward v. Chambless, 238 Ala. 165, 189 So. 890 (1939). Apparently the fiction developed that the mortgagor’s equity of redemption, an equitable interest in the mortgaged land, is terminated by the mortgagee’s adverse possession of the mortgaged land. The equity may also be defeated by prescriptive use for twenty years, Gunning- *5 ham v. Andress, 267 Ala. 407, 103 So.2d 722 (1958); Oxford v. Estes, 229 Ala. 606, 158 So. 534 (1934), although it is difficult to imagine an instance when the ten-year limitation would not be applicable. Finally, laches, an equitable defense, may bar the equity, and although laches is sometimes analogized to the statute of limitations, no strict time limit is followed. W. T. Smith Lumber Co. v. Barnes, 259 Ala. 164, 66 So.2d 77 (1953).
The question then arises whether plaintiffs’ equity of redemption is barred by the passage of thirty to forty years from the time of S. M. Waters’s default on the mortgage and mortgagee’s possession of the mortgaged land, until the filing of this suit by plaintiffs. Although plaintiffs are re-maindermen who have never had the right to possess the disputed land, I believe that equity requires they have acted sooner to redeem the land. I would hold that the plaintiffs’ equity of redemption is barred by laches.
III.
Because a remainderman has no immediate right to possess the estate, there can be no possession of the estate adverse to the remainderman during pendency of the life interest. Hinesley v. Davidson, 335 So.2d 380 (Ala.1976). Likewise, until the remain-derman’s interest becomes possessory, he has no cause of action for the possession of land, and the statute of limitations cannot run against him. Id. For these reasons neither the running of the statute of limitations nor adverse possession, during penden-cy of the life estate, is a defense against a remainderman attempting to exercise his equity of redemption. Id.
Laches is a defense against a plaintiff who has failed to do something equity requires to be done, id., and as we said in the previous appeal of this case, “[W]hile the remainderman may maintain an action to remove a cloud on his reversion during the pendency of the life estate, he is under no duty to do so .... ” Id. at 382, quoting from Hammond v. Shipp, 292 Ala. 113, 289 So.2d 802 (1974). But equity at times imposes a higher duty than the law, and notwithstanding our recitation of the general rule in the previous appeal, see id., there are circumstances which require that a remain-derman bring suit to clear his interest in order that he may escape the charge of laches. W. T. Smith Lumber Co. v. Barnes, 259 Ala. 164, 66 So.2d 77 (1953). See, Duncan v. Johnson, 338 So.2d 1243 (Ala.1976).
As was discussed in 21 C.J. Equity § 213 (1920), the applicability of the doctrine of laches depends on the nature of the right asserted and the relief sought.
In reference to the nature of the right asserted and the relief sought, there is a well recognized and fundamental distinction between two classes of cases into one or the other of which all the cases fall. The first class includes those cases where protection is sought against a violation of a present vested property right or what has been termed an “executed interest.” The second class includes those cases in which plaintiffs right is not vested in possession but lies in action, and it is necessary to obtain the peculiar relief afforded by courts of equity in order to invest plaintiff with the right claimed. This kind of right or interest has been termed “executory.” In the case of exec-utory interests, the doctrine of laches applies fully, and in order to obtain relief plaintiff must come into court without unreasonable delay. Where, however, plaintiff comes into equity, not for the creation or establishment of an executory right, but for the mere protection of an executed or vested legal right, the doctrine of laches has little, if any, application. The rule here applied is that, unless the statutory period of limitations has run or sufficient time has elapsed to create a presumption of grant, no mere delay is a bar to equitable relief in support of the legal right, and that plaintiff is precluded from relief only by such conduct as creates an abandonment of the legal right itself, or an estoppel to assert it against defendant.
Id. at 215. (Footnotes omitted, emphasis supplied.) See also 30A C.J.S. Equity § 113 *6 at 29-30 (1965). Since the plaintiffs seek purely equitable relief, /. e., enforcement of the equity of redemption, they seek enforcement of an “executory” interest, and the doctrine of laches is fully applicable to the case.
Alabama cases support the view that a remainderman may be guilty of laches for failure to timely petition for equitable relief from an impediment to his interest. In each case sustaining laches against a re-mainderman for failure to timely assert title to his remainder interest, the remainder-man was “seeking the enforcement of an equitable right upon the establishment of which [his] title and interest depend[ed].” W. T. Smith Lumber Co. v. Barnes, 259 Ala. 164, 169, 66 So.2d 77, 81 (1953) (suit by remainderman to set aside allegedly void foreclosure sale and to exercise equity of redemption). See, Duncan v. Johnson, 338 So.2d 1243 (Ala.1976). Cf. Ward v. Chambless, 238 Ala. 165, 189 So. 890 (1939) (suit by remainderman to set aside foreclosure and to exercise equity of redemption); Huey v. Brock, 207 Ala. 175, 92 So. 904 (1922) (suit by holder of foreclosure deed to quiet title or to extinguish remainderman's equity of redemption); Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197 (1888) (suit by remainderman to set aside allegedly void administrator’s sale). The rule is that the remainderman’s knowledge of his equitable cause, plus his laches in failing to timely assert it, will bar his subsequent suit to clear or redeem title.
Here, the remaindermen not only had knowledge of the outstanding mortgage, but also had knowledge of the mortgagee’s possession for fifteen to twenty years after the youngest remainderman reached the age of majority. Application of the doctrine of laches requires that defendant be prejudiced by plaintiff’s delay, Meeks v. Meeks, 245 Ala. 559, 18 So.2d 260 (1944), see, W. T. Smith Lumber Co. v. Barnes, 259 Ala. 164, 66 So.2d 77 (1953), and under the facts, there can be no question that the mortgagee in this case was prejudiced by the remaindermen’s delay in prosecuting the suit. Certainly plaintiffs are guilty of laches, and their suit to redeem should be barred.
I do not think my views would abrogate in any way the opinion of this court on the previous appeal of this case. That appeal was from the granting of a Rule 12(b)(6) motion to dismiss. On that appeal, we considered only the pleadings, but whether or not there has been laches turns on the particular facts of each case. See, W. T. Smith Lumber Co. v. Barnes, 259 Ala. 164, 66 So.2d 77 (1953).
In short, plaintiffs had a purely equitable cause to regain legal title to their remainder interest. Knowing that the legal title— the mortgage — was outstanding, plaintiffs delayed for fifteen to twenty years before instituting suit on their equitable cause. All the while the mortgagees were in open and hostile possession of the valuable and appreciating property, having color of title through the mortgage and paying the property taxes. Under these facts and the authorities cited, I believe plaintiffs are guilty of laches.