FAULKNER, Justice.
This is an appeal from an order granting defendants’ motion for summary judgment, and dismissing the cause of action.
This is the third appeal to this Court in a case that was first litigated in 1956. The first appeal to this Court was in 1976, which we will designate as Hinesley I. That case is reported at 335 So.2d 380 (Ala.1976). The second appeal, designated as Hinesley II, is reported at 395 So.2d 1 (Ala.1981).
In Hinesley I, authored by Justice Blood-worth, and in Hinesley II, authored by Justice Jones, the issues were the same issues as now presented to this Court in Hinesley III, i.e., whether the redemptive rights of remaindermen (plaintiffs-appellants) under a mortgage were barred by either prescription, the 10-year statute of limitations on actions to recover possession of lands, or laches. In those two decisions, this Court held that the plaintiffs had not lost their redemptive rights.
The confusion, and perhaps misunderstanding of this Court’s order in Hinesley II triggered Hinesley III. In Hinesley II we stated:
“Consequently, we are disinclined to divert our path from that laid down by Mr. Justice Bloodworth in his initial interpretation of this cause in Hinesley I. Therefore, the trial court’s order denying the remainderman’s right of redemption is reversed; and this cause is remanded for further proceedings to adjudicate the respective parties’ redemptive rights.”
The words of the order, “adjudicate the respective parties’ redemptive rights” specifically appear to have confused the trial court. In his order dated September 18, 1981, granting defendants’ motion for summary judgment, and dismissing the cause of action, the trial judge stated:
“Had the Supreme Court been inclined to foreclose the availability of any defenses to an equity of redemption on remand, it could have clearly done so by use of the language of remandment to ‘adjudicate the respective plaintiffs’ redemptive rights.’ ” (Emphasis added.)
We opine that this interpretation of Hines-ley II begs the question. The “respective parties’ redemptive rights” could only include the “respective plaintiffs’ redemptive rights.” The plaintiffs are the only persons seeking redemption.
The trial court’s order granting summary judgment, and dismissing the cause of action is grounded on laches as a defense that prevents redemption. We have held in Hinesley I and Hinesley II that the defense of laches is not available to the defendants
*102 (appellees). We do so again on the authority of those two prior decisions.
The trial court’s order granting summary judgment, and dismissing the cause of action is reversed, and the cause remanded for the trial court to enter an order permitting the remaindermen to redeem the mortgages and vendor’s lien in question, and to hold further proceedings: (1) to determine the amounts, if any, due appellees who hold the mortgages and vendor’s lien for such redemption, and (2) to determine whether any amount is owed by appellees to appellants under the prayer by appellants for an accounting.
REVERSED AND REMANDED WITH DIRECTIONS.
JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., dissents.
MADDOX, J., not sitting.